337
22....400

DAVID J. PULLING, Plaintiff in Error,

*vs.*

## THE BOARD OF SUPERVISORS OF COLUMBIA COUNTY, Defendant in Error.

ERROR TO THE CIRCUIT COURT OF COLUMBIA COUNTY.

Where an account against the County, consisting of a single item of $200.00 was presented to the Board of Supervisors, who allowed thereon $100.00, from which order of allowance the plaintiff appealed to the Circuit Court, and afterwards obtained a county order for the $100.00 so allowed, and gave a receipt therefor. *Held,* that this was a waiver of the appeal, and amounted to a satisfaction of the claim. SMITH, J. *dissenting.*

This was a proceeding under chapter ten of the Revised Statutes, allowing an appeal from the decision of the County Board of Supervisors to the Circuit Court of the same county.

The plaintiff in error presented to the Board of Supervisors of Columbia county, his account of two hundred dollars against the said county for services as counsel and district attorney specially appointed by the Circuit Court of said county to conduct the prosecution of Edward Leahey, indicted for murder. The said board afterwards passed a resolution allowing the sum of one hundred dollars on the account.

The plaintiff in error appealed from this decision of the said county board to the Circuit Court for said county, by serving upon the clerk of the board a notice of appeal, and filing a bond, &c. The said clerk made return that at the annual session of the said board the following proceedings were taken and had, as appeared from the journal of their proceed-

23

JUNE TERM
1854.

Pulling
vs.
Supervis'rs
of
Columbia
Co.

ings in his office : "Wednesday morning, Nov. 15, 1853, Mr. Moore presented the account of D. J. Pulling, which was referred to the committee on miscellaneous accounts." "Wednesday morning, Nov. 23d, 1853, Mr. Converse moved to allow the bill as presented—lost. Mr. Moore from the committe to whom was referred the account of D. J. Pulling, reported the same back, with the testimony taken before the committee and recommended to allow thereon the sum of one hundred 'dollars. Report adopted."

The above return, together with all the papers in the case, were filed with the clerk of the Circuit Court of Colmumbia county.

On the 10th day of April, 1854, the appeal came on to be tried by a jury, in the Circuit of said county. On the trial, the plaintiff in error proved that he had been employed to prosecute the suit of "the State vs. Leahey" on behalf of the State, that the district attorney for said county had been retained as counsel for the said Leahey previous to his election as said district attorney, and in consequence thereof refused to prosecute in said case ; and further that the trial of said case occupied five and a half days, and that the services for said prosecution were reasonably worth two hundred dollars, and that he served upon the clerk of the board of supervisors, the notice of the appeal on the 30th day of November, 1853, at three and one quarter o'clock P. M., and at the same time a bond for appeal was duly filed and approved by the said clerk.

On the part of the defendant in error the following copy of a receipt was given in evidence : "Portage City, Nov. 30, 1853 at 3 o'clock and 55 minutes P. M. Received of Alvin B. Alden, clerk of the Board

of Supervisors in and for said county, a county order for one hundred dollars, issued pursuant to a vote of the said board, taken on the 23d day of November 1853, of which vote the following is a copy. 'Mr. Moore from the special committe to whom was referred the account of D. J. Pulling, and the report of the standing committee thereon, reported the same back with the testimony taken before the committee and recommended to allow thereon the sum of $100.00. Report adopted.

(Signed) DAVID J. PULLING.'"

The judge ruled that the above receipt so produced and given in evidence was sufficient to entitle the said appellees to a verdict, and to bar the said appellant of his action, and charged the jury to find a verdict for the defendants. To which ruling and charge the appellant excepted, and the jury rendered a verdict for the appellees.

*Alvah Stewart*, for the plaintiff in error.

*L. S. Dixon*, for the defendant in error.

*By the Court*, CRAWFORD, J. We think the judgment of the Circuit Court in this case ought not to be disturbed. Mr. Pulling, who is a counsellor of this court, was appointed by his honor Judge Larabee, presiding at the Columbia Circuit, to prosecute a very important criminal case, the prosecuting officer of Columbia county having been unable to act on behalf of the State in that case. The trial was a protracted one, and Mr. Pulling rendered important professional services therein, for which he presented his account against the county of Columbia, to the Board of Supervisors of that county, for two hundred

June Term
1854.

Pulling
vs.
Supervisors
of
Columbia
Co.

dollars.    At a meeting of the board, a motion to allow this amount was lost, and subsequently a report of a committee, to which the account was referred recommending the allowance of one hundred dollars, "thereon," was adopted, and the allowance of that sum ordered.    Mr. Pulling prosecuted an appeal to the Circuit Court, and immediately after he had pefected his appeal, he received from the clerk of the board of supervisors a county order for the sum of one hundred dollars, for which he gave a receipt acknowledging that the county order had been issued to him in pursuance of the vote of the board by which the sum of one hundred dollars had been allowed on his claim.

Section thirty-five of chapter ten of the Revised Statutes provides that "when any claim of any person against a county shall be disallowed in whole or in part, by the board of supervisors, such person may appeal from the decision of such board to the Circuit Court for the same county," &c., and section thirty-six of the same chapter provides that when the appeal is perfected and the papers filed in the Circuit Court, the case shall be entered, tried and determined in the same manner as appeals from justices courts. Now, the claim of Mr. Pulling consisted of a single item—it was indivisible, and it was disallowed *in part* because for his professional services, which he claimed to be worth two hundred dollars, and which from the evidence we believe were worth the amount claimed, he was allowed but one hundred dollars, and therefore one half of his claim was virtually disallowed.    He had a right therefore, to take an appeal to the Circuit Court, but his appeal must have been from the whole order, as well from the decision, in that it al-

lowed him one hundred dollars only, as in that it did

not allow him the remaining one hundred dollars. The board did not deny the liability of the county to compensate Mr. Pulling, but that body thought proper to limit the compensation, and it is from the decision in this respect that he had a right to appeal. We will suppose a case which we think very analagous—a plaintiff sues in a justices court, upon a demand for one hundred dollars, and the justice of the peace renders a judgment against the defendant for fifty dollars only, and thereupon the plaintiff prose cutes an appeal, but during the pendency of the ap peal the plaintiff accepts from the defendant the sum of fifty dollars *in pursuance* of the judgment of the justice of the peace. Can there be any doubt that this would be a waiver of the appeal, and would amount to an accord and satisfaction of the demand? We think there can be no doubt of it. If in the case supposed, a payment of any sum short of the amount actually due were made pending the appeal, but not in pursuance of the judgment of the justice of the peace, it might be urged on the trial of the appeal, as a defence *pro tanto*, but if the amount of the judgment were paid *pursuant thereto*, then the whole demand would be satisfied because the demand had been transformed into a judgment and that judgment had been satisfied.

In this case Mr. Pulling had a claim against Columbia County, and the law declared the board of supervisors of the same county to be the tribunal to adjudicate that demand in the first instance and order payment with a right of appeal from the decision if adverse to the claim. He was dissatisfied with the action of the board, and sought redress by entering

JUNE TERM
1854.

Pulling
vs.
Supervis'rs
of
Columbia
Co.

his appeal, but afterwards he availed himself of the benefit of the decision, which he appealed from, by accepting the amount awarded to him in pursuance of that award or decision. This we think was equivalent to an affirmance of, or acquiescence in the determination of the board of supervisors, and Mr. Pulling cannot now be heard to complain of the decision.

If his claim had consisted of several items of professional services rendered in several cases or at several times, some of which had been allowed and other disallowed, he might doubtless accept payment for the items allowed and prosecute his appeal for those disallowed. However this may be, we are of the opinion in the present case, that the learned judge who tried it, in the Circuit Court, was correct in his review of the subject, and we discover no error in his ruling. The judgment of the Circuit Court is affirmed.