## COMM'RS OF LEAVENWORTH CO. v. D. J. BREWER.

1. COUNTY ATTORNEYS; *Official Duties; Compensation.* A county attorney
   is not required by law to go beyond the limits of his county to do business
   for his county, but if he does he may be allowed a reasonable compensa-
   tion for his services, in addition to his salary.

2. CLAIMS AGAINST COUNTY; *Disallowance; Action.* Where a claim against
   a county is properly presented to the board of county commissioners and
   disallowed in whole or in part, the claimant may take the same to the
   district court either on appeal or by commencing an original action.

*Error from Leavenworth District Court.* .. .

DEFENDANT in error was county attorney of Leavenworth
county during the years of 1869 and 1870. In August 1871
*Brewer* brought suit in the district court for $1,287.50 for

services rendered by him in 1869 and 1870 for his county, at the request and instance of the board of county commissioners, in the action of "*Randlett v. The Board of Co. Commissioners of Leavenworth County*," in the United States circuit court, at Topeka, and for $79.50 paid as necessary disbursements in and about said suit. The *Board of Commissioners* answered, setting up three defenses. Their first defense was a general denial; the third was a set-off; the second was as follows:

"II. For a second defense to plaintiff's petition defendant avers that on the 30th of January, 1871, the plaintiff duly made out and presented his account against defendant, and duly verified the same by his affidavit, which said account was for the same items and charges stated in the petition herein, and was in the sum of $529.50. Defendant further avers that defendant duly acted on said account on the — day of June 1871, and duly allowed to plaintiff on said account the sum of $79.50 as and for so much money before that time by said plaintiff laid out and expended, and directed a warrant to be drawn on defendant by the clerk of the county of Leavenworth, and signed by the chairman of the board of county commissioners of said county for and on behalf of said defendant and in favor of plaintiff for the said sum of $79.50, which was accordingly done. Defendant avers that the board of county commissioners of Leavenworth county disallowed the other part of said account of said plaintiff, and refused to pay the same. Defendant avers that said plaintiff failed and neglected to appeal from the decision and action of said board (to the district court of and within said county) made and taken on said account of plaintiff, before that time presented and filed by him in the office of the county clerk of said county, and that the action and decision of said board of county commissioners remains unreversed and unappealed from."

To this second defense *Brewer* demurred, and the demurrer was sustained. The action was tried in October, 1871. On the trial the defendant objected to the introduction of any evidence "because the petition does not state facts sufficient to constitute a cause of action." The objection was overruled.

Separate conclusions of fact and law were requested, and were found by the court as follows:

"*Conclusions of Fact:* 1st, That plaintiff is and was during all the time mentioned in the petition a practicing attorney, and as such was employed by defendant to appear for it in, and defend the suit of Seth A. Randlett against the defendant in the circuit court of the United States for the District of Kansas; that he accepted such employment and defended said suit for said defendant; 2d, that the services so by him rendered were worth the sum of $1,287.50; 3d, that he paid out for said defendant, and at its instance and request, the sum of $79.50, as specified in said petition; 4th, that defendant has paid to said plaintiff the amount so disbursed, $79.50, and that said plaintiff is indebted to the defendant in the sum of $120, (leaving a balance in favor of the plaintiff of $1,167.50;) and 5th, that during all the time mentioned and embraced in the first of these findings the plaintiff was county attorney in and for the county of Leavenworth.

"*Conclusion of Law:* That plaintiff is entitled to recover of said defendant the sum of $1,167.50."

The defendant excepted. New trial refused, and judgment in favor of the plaintiff on the findings for $1,167.50. The *Board of Commissioners* bring the case here on error.

*F. P. Fitzwilliam*, for plaintiff in error:

1. The demurrer to the second defense should have been overruled; and the objection to the introduction of any evidence under the petition, should have been sustained. There was no allegation that the account had been "presented to the board for allowance," and that an appeal had been taken to the district court from their decision.

An action cannot be maintained on a demand against a county, unless first submitted to the board of county commissioners for their examination and allowance, and unless their decision thereon is appealed from, as provided by statute. The statute virtually makes this body a board of arbitrators, to which all parties having claims must submit such claims for examination, audit and allowance. They are a judicial body, constituted by law to decide on all matters of account between individuals and the public body composing the

county which they represent, and their action in auditing and allowing a claim is a judicial act, having the force and effect of a judgment. Their decision is final and conclusive, unless appealed from. 2 Sandf., 459; 29 N. Y., 645; 35 Barb., 408; 5 Blackf., 325; 3 Iowa, 467; 10 N. Y., 260; 12 How. Pr. R., 204; 29 Ind., 172; 3 Wis., 341.

An examination of the various provisions of the statutes in reference to the power and duties of the board of commissioners, and the duty of the county clerk, establishes an intention on the part of the legislature to protect counties from such suits. The board is authorized to examine, and settle, and allow all accounts chargeable against the county; and when so settled they may issue county orders therefor, as provided by law. Ch. 25, Gen. Stat., 256, § 16, subdiv. 2; it has exclusive control of all county expenditures; § 16; and is limited in the amount of the levy of taxes to pay off the expenditures; Laws 1871, 326, § 1; and is limited in the amount of warrants that may be issued, and is prohibited from issuing additional warrants beyond the limitation fixed by the statute; Laws 1871, 327, § 5. And it is made the duty of the county clerk to express on the face of every warrant drawn by him the fund drawn on: Laws 1871, 327, § 4.

It is provided by law that a county may sue and be sued. But it is also provided that an account or claim against the county must be presented to the board of commissioners, verified by affidavit, setting forth that the same is just and correct, and remains unpaid, and the "time actually and necessarily devoted to the performance of the services charged in such account," before it shall be allowed. By statute the board is constituted a court, with judicial authority to "examine, settle and allow" all accounts chargeable against the county, and are authorized to hear and require other or further evidence of the truth and propriety of the account, than the verified affidavit required to be made by the party asking the allowance; Ch. 25, Gen. Stat., 259, § 28; and the board may disallow any account, in whole or in part.

If the party shall feel aggrieved by any *decision* of the board of commissioners, he may appeal from the decision of such board to the district court of the same county, and on the appeal being perfected, it shall be entered, tried and determined, the same as appeals from justices' courts: Chapter 25, General Statutes, 260, §§ 30, 31. The county clerk is required to keep a full record of the proceedings of the board in allowing or disallowing a claim, and is required to preserve and file all accounts acted upon by the board, *with their action thereon;* § 44, subdiv. 1, 5. The maximum expenditures of the county for any one year, as well as the maximum amount of warrants that may be issued and drawn on specific funds, is fixed by statute, and punishment is imposed on the members of the board if the statute is violated. But to maintain this action is to practically annul the restrictions placed on the board by the statute.

It is claimed that the action of the court below, in holding that this action could be maintained without taking an appeal from the decision of the board to the district court is supported by the ruling of this court in *Comm'rs of Leavenworth Co. v. Keller,* 6 Kas., 510. But it is submitted that the exact point now made was not before the court in that case; and yet the court in that case said, "The appeal is given that the case may be heard judically, and *the method of getting the case into court is by appeal.*" The question of an appeal did not arise; but when it does the court declares that "the method of getting a case into court is by appeal," and not by bringing an independent action. And why should it be by appeal? Because the county is indemnified against any costs that may accrue if the appeal is not successfully maintained.

2. The professional services for which compensation was demanded were such as the law requires to be performed by the county attorney, and were such that no valid contract could be made by Brewer in the individual capacity of an attorney and counselor-at-law.

It was the duty of the county attorney to advise the board what legal steps were necessary to be taken by the county, in

the suit brought against it in the U. S. court. The evidence shows that the conversation held between the board and the county attorney was in his official relation. He could not act in any other capacity. He was not before them receiving their directions, except as the legal adviser of the board. The relation of an attorney and counselor-at-law as an individual, is inconsistent with that of official legal adviser of the county, and it is expressly prohibited by statute. If permitted to act as an attorney towards the county, while in the discharge of his duties as the law officer, then he may be employed in a private capacity against the county, because the action may be instituted without the county limits. Knowledge, officially acquired, might be made to subserve private interest to the disadvantage of the public. Such a course would be productive of evil practices, if countenanced, and lessen public confidence in the integrity of an official, whose relations with that public should be above suspicion. Public policy, and a due regard for professional integrity, would alike condemn and discountenance the existence of this double relation in the county attorney.

In all actions against the county the clerk on whom process is served is forthwith required to notify the county attorney. Ch. 25, Gen. Stat., § 6. Why is this notice required to be given to the county attorney, unless he is to act in that official capacity on behalf of the county, and defend her interests in whatever court sued? It is made his duty to appear in all actions in which the state or the county is interested or a party, arising within the county for which he is elected county attorney. Because his duties within the county are defined by statute, it does not follow that his official duties end here. He is required to advise the board in all legal matters affecting the county, in proceedings or actions instituted against the county, in whatever court brought. In county affairs requiring legal services and advice, the official relation of county attorney cannot be severed, and the same individual assume the relation of attorney and counselor-at-law.

To cover extra services or unusual services, the statute

leaves the compensation of county attorney in Leavenworth
county to be fixed by the board, within their discretion, pro-
vided that the amount shall not exceed $3,000 per annum.
Ch. 25, Gen. Stat., 284, § 139.

3. The evidence fails to show any employment of Brewer
by the board, or that he was retained as an individual attorney
and counselor. All that the evidence establishes, is a con-
versation between the county and the board, and their direc-
tions to him as county attorney to delay recovery of judgment
in the aforesaid action. The statute nowhere gives the power
to the board to contract liabilities and create charges against
the county for the professional services of a lawyer, and the
board did not contemplate that they were doing so at the time
of the conversation of the county attorney with them, nor did
they believe that he was entitled to receive any reward for his
services, when the account of plaintiff was presented for
allowance; but they simply reimbursed him in the sum of
$79.50—the amount incurred in attending to the action in
the United States court. *Clough & Wheat v. Hart*, 8 Kas., 487.

The county is not bound to pay for the services of plaintiff,
unless he shows by competent evidence that the board retained
him as private attorney in the case; and the acts of the board
can only be proved by the record which the clerk is required
to keep: 5 Blackf., 325; 10 Ind., 361; 3 Barb., 341. For
an attorney cannot recover upon mere proof of services per-
formed; he must also prove his retainer. 3 Barb., 64; 9 Johns.,
142; 1 Denio, 510; 8 Blackf., 471. His services were volun-
tary, if not performed as county attorney, and the county is
not legally liable for the employment: 9 Ind., 296.

4. If Brewer is entitled to recover in this action, the amount
cannot exceed the value and amount claimed in the verified
account presented by him to the board for allowance. The
estimate of the value of the services made by him in his
verified account estops him from recovering more than stated
and claimed therein. It would be against the policy of the
law, as also against good faith, to permit him to gainsay his

sworn statement of the value of the services, in order that he might recover a larger sum.

*D. J. Brewer*, defendant in error, in person:

1. This was an ordinary action against the county on an account for services. It is claimed that the only way such an action can be gotten into court is by appeal from the action of the county board. In reply it is said plaintiff in error can by statute sue and be sued: Gen. Stat., 253, ch. 25, § 1. It is created a corporation, with the powers and liabilities incident thereto. It can make a contract of the kind set forth in the petition, and such contract can be enforced against it. Even if brought into court by appeal, it is a party to a suit, and has all the liabilities of such. Is this general liability to suit, fixed by this first section, restricted as to the manner of getting it into court by § 30 of same act, p. 260? Clearly not. This section simply gives an additional method of getting the county into court. Without it the only way would be by direct suit, as in this case. Giving an additional method cannot be construed as taking away one which existed independent of such section. The action of the county board is not a judgment. The question between the parties is not *res adjudicata*. It is an open question: *Leavenworth Co. v. Keller*, 6 Kas., 510. The claimant presented his claim. It was disallowed, or only partially allowed, and the partial allowance not accepted by the claimant. There being no judgment, no adjudication, the matter is open to litigation. The authorities from New York cited by counsel are inapplicable, for there the action of the board of supervisors is conclusive, exclusive and final. Not so here. Suppose the county board takes no action on a claim, as they did not here for months: must a claimant apply for a mandamus to compel them to act, and then not satisfied with their action take an appeal? Does the law contemplate any such round-about proceeding, such two-fold action? If the action of the county board is not an adjudication (as it is here

decided not to be,) how can you take from a claimant the ordinary means of enforcing his claim?

If it be necessary, as claimed by plaintiff in error, that an account be first presented to the county board for its action, both pleadings and testimony show that it was so done here. The only question is, whether, after having been so presented, the county can be brought into court by summons, or only by appeal. Again, suppose appeal is the true way, how are the substantial rights of the county prejudiced by this suit? It has been decided that the action of the board is no adjudication. If this judgment be reversed the claimant can present his claim again for allowance, appeal from its disallowance, reach the district court, obtain its judgment, and the judgment of this court; and all that will be accomplished will be a mulcting of the claimant in the costs of this suit, without benefiting the county in the least. Surely, if error, the error has worked no injury to the county. Its rights have not been jeopardized in the least.

Still again: The only ground of this objection is, that the county was not brought into court by the summons. That it could be gotten into court, is conceded, and when in, stood as any other party. Concede, for the purpose of the argument, that under the statute the only way to get a county into court, to answer to an account, is by an appeal from its board of commissioners. Then the summons served on it in this case did not bring the county in. If it appeared thereafter, its appearance was *voluntary*. If it objected to being brought in by summons, it could move to set it aside, appearing *specially* therefor. It entered a *general* appearance, and presented three separate defenses. Can it be heard to say that it was not brought into court, when it entered a voluntary appearance, and litigated the matter in controversy? The matter in the second defense of the answer was no answer to the claim of claimant, but only an objection to the manner of being brought in. The demurrer was properly sustained, therefore, the party having entered his appearance, and filed his answer with two defenses, (1st and 3d,) to the

merits. This case assimilates itself to that of *Cohen v. Trowbridge*, 6 Kas., 385, in which case Trowbridge, not having been brought in by the publication notice, after an entry of judgment and a sale, moved to set aside the sale upon several grounds, one of which was a failure of service by publication or otherwise. In that case this court held that inasmuch as his motion included *other grounds* than want of service, it was an entry of appearance. So here, whatever might have been the rule if the county board had moved to set aside the summons, or even had answered with only the second defense in, yet when it enters a voluntary appearance, and presents several defenses to the merits, it is a waiver of any objection to the mode of being brought in. Voorhies' Code, p. 177, note *c*.

2. Plaintiff in error claims that the services performed were those officially required of claimant as county attorney. In reply, nothing can be plainer than the statute. Sec. 136, Gen. Stat., 284, requires them to appear in the courts of *their respective counties*. He is by no statute called to attend to the county's business in any other county than his own. The finding and testimony show the services to have been rendered in the United States court, which by law is held elsewhere than in Leavenworth county. Not being part of his official duty, he could contract with the county for their performance as any other attorney, and performing is entitled to compensation.

3. It is said that the evidence fails to show any employment. It does not appear what entries were made on the record kept by the county clerk. The claimant did not know, and the county did not produce its own records. Whether that record has a resolution, or other evidence of employment, is not disclosed. But it is not necessary. It is well settled that a corporation can be bound by an implied contract. Here was an express one. The commissioners having general charge of the county business, while in session directed claimant to attend to this suit. He did attend to it. Can the county now say its agents did not put that order on

the record, and therefore it is not bound? Moreover, the testimony shows claimant was in constant consultation with the county board, during the progress of the suit, in reference thereto. If without any employment the county, through its agents, knew that claimant was attending to this business, and consulted with him in reference thereto, and took the benefit of his labors, the law will imply a promise to pay.

4. The amount of the judgment is objected to, being above the amount claimed when the account was presented to the board. The testimony showed the services to be worth what was awarded. A party is not estopped, by at one time asking a certain sum, from recovering the full value.

The opinion of the court was delivered by

VALENTINE, J.: It is unquestionably "the duty of the county attorneys" of this state "to appear in the courts of their respective counties, and prosecute or defend on behalf of the people, all suits, applications, or motions, civil or criminal, arising under the laws of this state, in which the state or their county is a party or interested:" Gen. Stat., 284, § 136. And also, "The county attorneys shall, without fee or reward (other than their salaries) give opinions and advice to the board of county commissioners, and other civil officers 1. County attor- of their respective counties, when requested by neys. Official duties. such board or officers, upon all matters in which the county is interested, or relating to the duties of such board or officers, in which the state or county may have an interest:" Gen. Stat., 284, § 138. And this they must do whether the matters upon which they give their opinions or advice are to be prosecuted or defended in their own counties, or elsewhere, or not at all. And the rule with regard to compensation unquestionably is, that whenever the law requires the county attorney to perform any particular service or duty he cannot receive or recover any compensation for the performance of such service or duty in addition to his salary and the specific fees allowed by statute. Gen. Stat., 284, § 139. His salary is intended to be sufficient compensation for the performance

of all services and duties required by law, except where the statute otherwise specifically provides for other or additional compensation. But where the county attorney performs services for the county which are not required of him by law he may be paid therefor by the county the value thereof as though he were not the county attorney; and the county board may contract with him for the performance of such services as are not required of him by law, in the same manner and to the same extent as they could contract with any other person for the performance of such services. There is no law that requires a county attorney to attend any court, or do any business, civil or criminal, that requires his personal attendance outside of his own county; and therefore if he should perform any such services *for his county* he may be allowed such compensation therefor as his services are reasonably worth. For instance: where a suit for or against his county is to be prosecuted or defended beyond the limits of his county, he cannot be allowed any compensation in addition to his salary for any opinion or advice he may give to the county board concerning said suit; but if he attends the court personally, and prosecutes or defends for the county, he may be allowed a compensation for such last-mentioned service in addition to his salary. In the case at bar, the court below finds that the county board employed the plaintiff below to attend a court outside of the county, and defend a suit in which the county was interested, and therefore the services were performed under a special contract, and therefore we think he may recover in this action.

II. Where a claim against a county is properly presented to the board of county commissioners, and disallowed in whole or in part, the claimant may take the same to the district court either on appeal or by commencing an original action. A county is a *quasi* corporation which may sue and be sued as other corporations; (Gen. Stat., 253, §1;) and the board of county commissioners are the representatives—the financial agents—the business managers—of such corporation; and in their name all suits in which the county is

interested must be prosecuted or defended: Gen. Stat., 254 § 5.

*2. Claims against counties; appeals; original action.* A claim presented to the county commissioners is simply a claim presented to the county, and a refusal by them to pay it is simply a refusal of the county to pay it. And where a county refuses to pay a claim against it there seems to be no good reason why it may not be sued as well as any other corporation, or as any individual, under like circumstances. It is true, that the county commissioners in some cases act in a kind of *quasi* judicial character, and when they do so act their determinations are final unless appealed from. But when they allow or disallow a claim against their county—against their principal—they do not act in a judicial capacity. They are not then a court, acting impartially between two contending parties, but they are simply the agents of one of the parties, and acting for such party. It is also true that an appeal is given in all cases from the decision of the board of county commissioners: Gen. Stat., 260, § 30. But no attempt has been made on account of giving such right of appeal to abridge the right of the claimant which he otherwise has to commence an original suit where his claim has been disallowed in whole or in part by the board. In such a case he has two remedies, either of which he may resort to at his option. That he has the right to sue the county in such cases, we would refer to the cases of *Trumbull Co. v. Hutchings,* 11 Ohio, 368; *Price v. Sacramento Co.,* 6 Cal., 254. Where the county board allows a part of a claim, and the claimant receives that part, we do not wish to be understood as deciding that the claimant may then appeal or sue for the balance. (See *Pulling v. Sup'rs of Columbia Co.,* 3 Wis., 337.)

There are no other questions raised in this case which we need to consider. The petition was sufficient upon an objection to the evidence. The second defense set forth in the answer was not sufficient as a defense to the action. The findings of the court were sustained by sufficient evidence; and the judgment followed the findings. Whether parol evidence was competent to prove the action of the county

commissioners with regard to making a contract with the plaintiff below, is not before us, as said evidence (which was sufficient to prove said fact if competent to be received,) was not objected to for that reason, nor for any reason, except that "the petition did not state facts sufficient to constitute a cause of action." If the evidence had been objected to because it was *parol*, the record evidence could then have been introduced, provided such evidence was necessary. Or, if there was no such record evidence then the question of its necessity, and the question of the competency of parol evidence, would havé been fairly raised before the court. The judgment of the court below must be affirmed.

KINGMAN, C. J., concurring.

BREWER, J., did not sit in the case.