SCHOOL DISTRICT NO. 49 v. SCHOOL DISTRICT NO. 70.

1. PLEADING; PETITION; *Sufficiency of Allegations.* School District No. 70 was created and organized out of territory belonging at that time to School District No. 49. The latter district retained all the property previously belonging to the old district, and in consideration therefor the county superintendent of public instruction adjudged and ordered that District No. 49 pay to District No. 70 $603. In an action to recover said sum of $603, the petition set forth the facts fully, and alleged that said sum was due, that the defendant refused to pay said amount, or any amount, although requested so to do by the treasurer of School District No. 70. *Held,* on demurrer, that the petition stated a good cause of action.

2. TESTIMONY; *Sufficiency, to Sustain Action.* A general denial (unverified) having been filed in answer to such petition, and the testimony upon trial fully sustaining the averments of the petition, *held,* that a judgment thereon in favor of the plaintiff was sustained by sufficient evidence.

3. ———— Neither the petition nor the evidence was fatally defective in not showing that School District No. 49 had notice of the action of the county superintendent ordering it to pay said amount of money.

4. SCHOOL DISTRICT; *Suits Against; Action for Money; Mandamus.* Where a school district denies any indebtedness, or liability, an ordinary action may be brought and maintained to ascertain and determine the amount of the indebtedness, or liability, if any. But where the legal liability to pay, and the amount claimed, are admitted, but the school-district officers willfully refuse to pay, or to levy a tax for such purpose, then mandamus is alike the proper and a sufficient remedy.

*Error from Greenwood District Court.*

ACTION by *School District No. 70*, plaintiff, against *School District No. 49*, defendant, to recover a sum of money awarded by the county superintendent to the former district on its formation from the territory formerly belonging to the latter district. Trial at the April Term 1876 of the district court. Finding and judgment in favor of plaintiff, and defendant brings the case here. The opinion contains a sufficient statement of the facts and proceedings.

*John Martin*, and *Thos. L. Davis*, for plaintiff in error:

1. The plaintiff's petition is fatally defective in not stating that the defendant below was duly notified, or had knowledge of the division of the property of the district, and of the amount it was required to pay to the plaintiff below.

2. The evidence utterly fails to show that the defendant below had any knowledge that the property of the district had been divided, or that it was owing the plaintiff below any sum whatever.

3. The plaintiff below cannot maintain an action for the recovery of a judgment for the claim sued on. The law contemplates, that the county superintendent shall notify the officers of an established school district of his actions in the formation of a new district, and of the division of its property. If this were not so, it would be hardly possible for the officers or residents of the old district to avail themselves of an appeal from the actions and proceedings of the superintendent in respect to those matters, however arbitrary, unjust or illegal such proceedings might be. (Laws of 1874, p. 193, ch. 122, § 7.) This knowledge we think a material matter, and it should have been alleged in the petition. Without it a cause of action is not stated; and the court erred in overruling the demurrer to the petition. (Civil code, § 91.) This defect in the petition is not cured by the evidence in the case. In fact, the evidence utterly fails to show that any officer or resident of district 49 had any knowledge or information

whatever respecting the proceedings of the county superintendent in establishing district 70, and in making a division of the property and effects of the old district; and for all that appears in this case, no officer or resident of district 49 ever knew prior to the commencement of this action that that district was indebted to District No. 70 to the extent of a cent, for or on any account whatever.

But we insist that the plaintiff below could not maintain an action for the recovery of a judgment on this claim under any circumstances. The law has definitely fixed and determined the rights, duties, and obligations of the plaintiff and defendant in respect to this claim. No judgment that the district court can render, no order that it can make, can in any form or manner change these relations. A judgment cannot be enforced against the district, and therefore it is *useless* and *worthless*. It leaves the parties just where it found them, and if the plaintiff below has a remedy, he will be forced to adopt the one expressly provided by law for cases of this kind. The law provides, that when a new district is formed in whole or in part from an old district, having a school-house or other property, or entitled thereto, the county superintendent at the time of forming such new district shall ascertain and determine the proportion of the value of such school-house or other property justly due to the new district, and such proportion when ascertained shall be collected by the district board of the district retaining the school-house or other property upon the taxable property of the district in the same manner as if the same had been authorized by a vote of the district for building a school-house, and when collected shall be paid to the treasurer of the new district, to be applied toward procuring a school-house for such new district. (Gen. Stat. 926, ch. 92, § 50.) From this determination there is no appeal, unless it be to the board of county commissioners, in which case the determination of the commissioners is final. (Laws of 1874, p. 193, ch. 122, § 7.) So we find that the law has made a particular rule for this special class of cases. The amount of the debt to be paid is

to be ascertained and determined by the county superintendents, subject only to an appeal to the county commissioners, whose determination is final. And after this is done, this debt must be paid in a particular manner, and in no other. If the defendant refuses to pay, the remedy and the only remedy, is by mandamus to compel the district board to levy a tax to pay the debt, or, against the treasurer to pay it if the money has been collected for that purpose and is in his hands. This mode of procedure is wise, appropriate, simple and inexpensive — one in harmony with the general interest of our common-school system, and courts ought to compel its rigid observance. It accomplishes all and a great deal more than an ordinary suit to recover a judgment could. In fact a judgment upon *this judgment* would be folly. If a judgment is obtained, it cannot be enforced. The party must still resort to the remedy by mandamus.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by School District No. 70, of Greenwood county, to recover a judgment for $603 against School District No. 49, of the same county.

It appears from the record that on 13th June 1874, School District No. 70 was created out of territory belonging at that time to School District No. 49; that District No. 49 was allowed to retain all the property belonging to the old district, and in consideration therefor was adjudged and ordered to pay to District No. 70 the sum of $603. This sum was never paid, and on 4th March 1876 this action was commenced therefor. Judgment was rendered in favor of the plaintiff below, and the defendant below now brings the case to this court, and claims that the judgment of the court below should be reversed for the following reasons:

"*First:* Because the plaintiff's petition is fatally defective in not stating that the defendant below was duly notified, or had knowledge of the division of the property of the district, and of the amount it was required to pay to the plaintiff below.

"*Second:* Because the evidence utterly fails to show that

the defendant below had any knowledge that the property of the district had been divided, or that it was owing the plaintiff any sum whatever.

"*Third:* Because the plaintiff below cannot maintain an action for a recovery of a judgment for the claim sued on."

I. The first question was raised in the court below by a general demurrer to the plaintiff's petition. This demurrer was overruled, and the defendant then filed an answer denying generally all the allegations of the plaintiff's petition. This answer was not verified by affidavit. The evidence did but little if anything more than to sustain the allegations of the petition. Hence the sufficiency of the petition still remains a question in the case.

We do not think that the petition is fatally defective for the reasons given by the plaintiff in error. It sufficiently alleges among other things, that on 13th June 1874 said District No. 70 was duly created and "*organized* out of said defendant's territory;" that it then became and has since been "a body corporate, duly authorized under the laws of Kansas;" that the defendant kept the property of the old district, and the county superintendent of public instruction awarded to the plaintiff said $603 as aforesaid; "that said defendant has *refused* to pay the said sum of $603 to the said plaintiff, although often *requested* to do so, and that the same remains *due* and unpaid." Now as this suit was not commenced until nearly two years after the creation and organization of School District No. 70, and as School District No. 49 had often been "requested" to pay said $603, and had "refused" to do so, it would not seem probable that School District No. 49 remained all that time wholly ignorant of all these things. But what kind of a notice should School District 49 have had? The only notices required (in June 1874,) to be given by any person, or to any person, in any matter connected with the formation of a new school district, were notices merely to the people of such new district, and these were mere notices of the boundaries and number of such new district and of the time and place for holding the first district meeting. (Laws of 1872, page 372, §1.) And the law then in

force provided, that the new district should "be deemed duly organized" when the officers constituting the district board should be elected. (Gen. Stat. 920, § 22.)  According to the petition, District No. 70 was duly organized; and therefore said notices were duly given.  But suppose that they were not given: has District No. 49 any right to complain?  We would think not.

II. The evidence fully sustained the petition; and it was. shown by the evidence that the treasurer of School District No. 70 actually made a demand of School District No. 49 for said $603.  Besides, as we have before stated, the answer denying the allegations of the plaintiff's petition was not verified by affidavit.

III. Can this action be maintained?  The plaintiff in error says that it cannot, because nothing is gained by the judgment rendered therein.  The reason given by the plaintiff in error is not sufficient, for something is gained by the judgment. If the final judgment in the action should be for the defendant, it would end all controversy between the two districts with reference to said $603.  If it should be for the plaintiff however, then, while the judgment could not be enforced by execution, yet it would conclusively and finally settle the question that the defendant owed the plaintiff said $603. The plaintiff might still have to resort to its remedy of mandamus to compel the officers of district No. 49 to levy the proper tax to pay said judgment.  But in the prosecution of such remedy the judgment rendered in this case would be conclusive evidence that district 49 owed said amount.  Without such judgment the officers sued in mandamus might set up the defense that their district did not owe any such amount. But with such judgment they could not make any such defense available.  It will therefore be seen that such an action as this may accomplish something, whether the judgment be rendered for or against the plaintiff.  The only question in a case like this may be, whether one district owes the other anything; and if so, then it will certainly not be claimed that mandamus is a more proper remedy.  The officers of

the delinquent district might be very desirous to do their duty, but not believing that their district owed anything, might for that reason alone refuse to levy the tax. In such a case it would certainly be better to sue the district in an ordinary action, than to resort to the extraordinary remedy of mandamus against the officers who were really acting in good faith. If it were admitted that the one district owed the other the amount claimed, and if the officers of the delinquent district were merely acting willfully in refusing to levy a tax to pay such indebtedness, then of course mandamus would be the more proper remedy, and perhaps the only remedy. In such a case the plaintiff district would really gain nothing by a mere judgment ascertaining and determining the amount due. But such a case is not this case. In this case the defendant district disputed everything. It filed a general denial to the plaintiff's petition, and admitted nothing.

It is possible that the plaintiff's petition was defective in not stating that there was a dispute as to whether the defendant owed the plaintiff anything; but if such defect existed then the defendant amply supplied such defect by showing in its answer that everything was disputed. If the defendant had filed an answer admitting that it owed the plaintiff $603, as alleged in the plaintiff's petition, and alleging that such indebtedness had never been disputed, but that it was willfulness on the part of the officers of the district that had caused the delay in levying the tax, and if it had then been shown that this answer was true, it is possible that the plaintiff's action should have been abated, as a useless proceeding. But upon this question we express no opinion. We think however that the action, as in fact prosecuted and defended, was properly sustained by the court below.

The judgment of the court below will be affirmed.

All the Justices concurring.