BELL and another vs. WAUPACA COUNTY.

*January 13 — February 3, 1885.*

*Claims against county: Acceptance of part allowed: Appeal.*

Sec. 686, R. S. (providing that any person whose claim has been allowed in part by the county board may receive the county orders issued for the part allowed without prejudice to his right to appeal as to the part disallowed), applies as well where a certain percentage of the whole claim is disallowed as where some items are allowed and others disallowed.

APPEAL from the Circuit Court for *Waupaca* County. The facts are stated in the opinion. Upon the trial in the circuit court it appeared from the plaintiff's evidence that the claim had been acted upon as a whole and not by items, by the county board. A motion for a nonsuit was denied. There was a verdict for the plaintiff, and from the judgment thereon the defendant appealed.

The cause was submitted for the appellant on the brief of *John F. Dufur*, and for the respondent on that of *George W. Burnell.*

COLE, C. J. The defendant county, by its authorized agent, purchased of the plaintiffs a quantity of doors, sash,

and blinds for its court-house.     The bill amounted to $499.39. There is no question but all this material was used in the building.     The plaintiffs presented to the county board an unverified bill for the amount.     That body made a deduction of twenty per cent., and allowed $399.51.     It directed its clerk to draw an order for the amount allowed, which was done.     The plaintiffs accepted and receipted the order, and then appealed from the decision of the board as to the part of the bill disallowed.     The only inquiry presented now is whether the circuit court was right in holding that the acceptance of the order, under the circumstances, was no bar to an appeal as to the part of the bill disallowed.     We think the circuit court was clearly correct in its ruling upon that point.     There is no good reason for holding, under the present statute, that the plaintiffs, by accepting an order for eighty per cent. of their bill, waived their right to an appeal as to the balance.     Sec. 686, R. S.; expressly provides that "any person whose claim has been allowed in part may receive the county order issued for the part so allowed without prejudice to his right to appeal as to the part disallowed." It will be seen that this statute is different from that under which the case of *Pulling v. Supervisors*, 3 Wis. 337, was decided; therefore, the ruling there made does not apply. The law upon this subject was changed in 1869 by ch. 148. See S. & B. Supp. R. S. 152.     Consequently, the acceptance of the order for the amount allowed should be treated merely as a payment *pro tanto* on the plaintiffs' bill.     They could still appeal "from the decision as to that part of the claim disallowed by the board."     Sec. 683, R. S.

On the part of the county, it is insisted that the statute should be limited to a case where the claim is composed of several items stated separately, some of which are allowed and some disallowed.     There, it is said, the claimant may accept an order for the items settled, and appeal as to those which the board disallows.     But we see no sufficient reason

for restricting the statute to that class of cases. The bill here did set forth the items of the account as required by sec. 677, R. S. But the board did not see fit to act on the items separately, but upon the whole bill as one entire indivisible claim. It made a reduction of twenty per cent. from the amount of the bill, and directed its clerk to issue to the plaintiffs an order for the sum allowed. It is said this was in the nature of a tender by the board of a portion of the claim, and that the acceptance of the order, in contemplation of law amounted to a settlement of the entire claim or to an acquiescence in the determination of the board. Whatever the rule might be under other circumstances, it is plain the acceptance of the order can be attended with no such legal consequences under a statute which clearly declares that the receipt of a county order issued for the amount allowed, shall not prejudice a party's right to appeal as to the part of the claim disallowed.

The counsel for the plaintiff says that it is manifest this appeal was taken only for delay, and that this court ought to impose the full penalty provided in such a case under sec. 2951, R. S. The facts, however, will not warrant us in giving the additional compensation, as in case of a frivolous appeal which is intended to hinder and annoy a party in the collection of his just demand.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.