THE STATE OF KANSAS v. R. O. KINDIG.

| 55 | 113 |
| 66 | 781 |

1. CHANGE OF VENUE — *Order not Fatally Defective.* Where a change of venue of a criminal cause is actually made by a district court to some other county in the same district in which the offense is alleged to have been committed, upon the written appli- cation of the defendant that the minds of the inhabitants of the county in which the cause is pending are so prejudiced against him that he cannot have a fair trial therein, such order is not fatally defective because it omits to specify the cause of removal.

2. INFORMATION—*Trial on Certified Transcript of Record.* Where a criminal cause is properly removed for trial from one county to another county in the same judicial district, the district court having jurisdiction of the cause by such removal may try the de- fendant upon a certified transcript of the record and proceedings, and such trial court has authority to require the defendant to plead to a certified transcript of the information instead of upon the original information.

3. TRIAL, *Where—Conditional Right—Waiver.* Section 10 of the bill of rights guarantees to the accused in a criminal cause a trial by a jury of the county or district in which the offense is alleged to have been committed. This constitutional right or personal privilege may be waived, with the consent of the accused, but this provision of the bill of rights is of the highest importance, and unless the removal of the cause to a county in a different judicial district is clearly shown by the record to have been made with the consent of the accused, the removal is without any authority of law.

4. ———— *No Waiver Shown.* The record in this case examined, and *held* not to show that the accused waived his constitutional right to be tried within the judicial district in which the offense with which he is charged is alleged to have been committed.

*Appeal from Thomas District Court.*

ON the 7th of October, 1893, an information was filed in the district court of Decatur county charging *R. O. Kindig,* as cashier and manager of the State Bank of Oberlin, with having, on the 12th of July, 1893, unlawfully received a deposit of $63.25 for said bank, when he knew the bank at that time was in-

8—55 KAS.

solvent. At the October term of the court for 1893, of Decatur county, the state, with leave of the court, filed an amended information. Thereupon the defendant filed his written application for the court to grant him a change of venue to the district court of some other county in the seventeenth judicial district, upon the ground "that the minds of the inhabitants of the county of Decatur, the county in which the said case is now pending, are so prejudiced against the defendant that a fair trial cannot be had therein." This application was supported by 25 affidavits. After hearing the application, and being fully advised thereof, the court made the following order: "The venue of said cause is changed to Cheyenne county in said seventeenth judicial district, and the trial of said cause is set for the November, 1893, term of said district court sitting in and for said county and state." The trial of the case was continued from the November term of 1893 to the April term of 1894. At the April term of the district court of Cheyenne county for 1894, and on the 5th day of April, the venue was changed from Cheyenne county to Thomas county in the thirty-fourth judicial district. The record on that point reads:

"Counsel for defendant thereupon called the court's attention to ¶ 5238, General Statutes of Kansas, and especially to the third clause thereof, viz., that the court had heretofore been counsel for the state in said cause. Thereupon it appearing to, and being within, the knowledge of the judge presiding and the court that theretofore, as county attorney of Decatur county, Kansas, where said cause was originally begun and filed, as such officer, he had verified, filed the information therein, and acted as counsel for the state in the said cause: therefore, and for such reasons, it is ordered, considered and adjudged by the court that the venue in said cause be changed to the county of

Thomas, in the state of Kansas, the same being within the thirty-fourth judicial district of the said state. And it is further ordered by the court that the clerk of the district court in and for Cheyenne county, Kansas, forward, forthwith, to the clerk of the district court of Thomas county, Kansas, a true, correct and complete transcript of all pleadings, complaints, informations, recognizance and records of said cause. To which order of the court the defendant then and there asked an exception to be entered.''

At the June term of the court for Thomas county for 1894, when the state attempted to offer evidence, the defendant objected to the introduction of any testimony upon the ground '' that the court had no jurisdiction to hear and try the case, and also upon the ground that the jury were not impaneled from the county or district in which the offense was alleged to have been committed.'' This objection was overruled. On the 23d day of June, 1894, the jury returned a verdict of guilty against the defendant. Subsequently the defendant filed a motion in arrest of judgment, and also for a new trial. These motions were overruled. The court sentenced the defendant to confinement to the state penitentiary for the period of three years, and also adjudged that he pay the costs of the prosecution. The defendant appeals.

*John R. Hamilton*, and *Bertram & McElroy*, for appellant.

*John T. Little*, attorney general, and *C. Angevine*, for The State.

The opinion of the court was delivered by

HORTON, C. J. : It is insisted that the district court of Cheyenne county had no jurisdiction of this case on a change of venue from Decatur county because the

order of removal was made prior to any plea to the information, and because the removal did not specify the cause therefor. Section 179 of the criminal code reads :

"Every order for a removal of any cause under the foregoing provisions shall state whether the same is made on the application of the party or on facts within the knowledge of the court or judge, and shall specify the cause of removal, and designate the county to which the cause is removed."

I. It is claimed upon the part of the state that a plea of not guilty was entered before the application for removal of the cause was granted, but that the plea was unintentionally omitted from the record. This, however, is immaterial. It is held to be better practice to arraign the defendant, and require him to plead to the information before making an order for a change of venue; but where the defendant applies for the change, and has the benefit of arraignment in the county to which the cause is transferred, he has no right to complain that the change was made before his arraignment. (*Hudley v. The State*, 36 Ark. 237. See, also, *Ex parte Cox*, 12 Tex. App. 665.) As the removal was actually made upon the application of the defendant, and as he had the benefit of arraignment in Cheyenne county, there was no material error in transferring the case to that county for trial before the plea was entered. (*The State v. Potter*, 16 Kas. 80.) The better rule is that the statute should be literally complied with, and the ground for a change be fully spread on the record. But it appears in this case that the removal was actually made upon the written application of the defendant, and the showing made by him upon affidavits that he could not have a fair trial in the county where the information was filed. The

application of the defendant for a removal of the cause must be read in connection with the order of the court granting the same, and therefrom it appears that the removal was allowed upon the application of the defendant, and for the cause specified therein.

II. It is next insisted that the district court of Cheyenne county committed error in entertaining jurisdiction of the cause after removal and requiring the defendant to plead to a certified transcript of the information. Not so. Nothing but a transcript of the record and proceeding is authorized to be transmitted by the district clerk to the county to which the case is removed. (*The State v. Riddle*, 20 Kas. 711.)

III. It is further insisted that the removal of the cause from Cheyenne county, in the seventeenth judicial district, to Thomas county, in the thirty-fourth district, was without authority of law. By § 10 of the bill of rights, a defendant in a criminal cause is guaranteed a trial by a jury of the county or district in which the offense is alleged to have been committed. Undoubtedly the provision securing to the accused a public trial within the county or district in which the offense is committed is of the highest importance. It prevents the possibility of sending him for trial to a remote district, at a distance from friends, among strangers, and perhaps parties animated by prejudices of a personal or partisan character. But a defendant may waive his constitutional right or personal privilege by his consent. (*The State v. Potter*, supra; *In re Holcomb*, 21 Kas. 628.) Upon the part of the state it is insisted that the removal of the cause from Cheyenne county to Thomas county was made with the consent of the defendant, and that he cannot now complain. But we do not so read the record. The defendant did not make any written or oral ap-

plication for the removal of the cause to Thomas county or to any different district. After the cause had been removed to Cheyenne county, counsel for the defendant called the court's attention to § 173 of the criminal code, and especially to the third subdivision thereof, which provides for transferring a case to a different district "where the judge is in anywise interested or prejudiced or shall have been counsel in the cause." But when the court made an order removing the case to Thomas county, the defendant objected and had his exception entered of record.

Again, when the case was called for trial in Thomas county, the defendant raised the question of the jurisdiction of the court, and objected to that court proceeding with the trial. Under ¶ 1965, General Statutes of 1889, of the act concerning district courts, a judge *pro tem.* may be selected "when the judge is interested or has been of counsel in the case or subject-matter thereof, or is related to either of the parties, or otherwise disqualified to sit." So, under the statute, a defendant may be tried before a judge *pro tem.*, where the district judge is disqualified by interest or otherwise ; or he may, with his consent, have the cause removed to a different district. In this case there was no express consent on the part of the defendant to have the cause removed from his district. The most that can be said is that he consented inferentially to such removal by calling the court's attention to § 173 of criminal code. He did not expressly request that the cause be transferred to a different district under the provisions of that section. On the other hand, he expressly objected to the transfer. If counsel of the defendant misled the court at first in referring to § 173 of the criminal code, defendant is not concluded, because he objected to the order

to transfer. Before the order of removal was entered of record the court was fully informed that the defendant did not consent, but positively objected to having his cause sent to a different district. The constitutional guaranty, securing to an accused a trial within the county or district in which the offense is committed, ought not to be annulled upon a mere inference or implication. Therefore, upon the record, we cannot say that the defendant consented to the removal of the cause to a different district, or that he waived his constitutional right to be tried in the district in which the offense is alleged to have been committed. Under the provisions of the constitution and the statute, the removal of the cause from Cheyenne county to Thomas county, against the objection of the defendant, was without authority of law. The cause is pending in Cheyenne county, and all proceedings subsequent to the attempted removal from that county must be ignored. The case may proceed to trial in Cheyenne county, as if no removal had been attempted.

The judgment will be reversed, and the cause remanded for further proceedings, in accordance with the views herein expressed.

All the Justices concurring.