F. M. LOCKARD v. THE BOARD OF COUNTY COMMISSIONERS OF DECATUR COUNTY.

No. 211. (62 Pac. 547.)

ACTION ON JUDGMENT—*Board of County Commissioners.* An action can be maintained against a board of county commissioners upon a domestic judgment against such board.

Error from Decatur district court; A. C. T. GEIGER, judge. Opinion filed October 10, 1900. Reversed.

*John R. Hamilton*, for plaintiff in error.
*W. S. Langmade*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. :  The plaintiff in error sued the defendant in error to recover upon a judgment rendered iu the snpreme court April 6, 1895, in the case of The State of Kansas against R. O. Kindig.   The judgment was that the county of Decatur pay the costs of the supreme court, taxed at $140.65.   The judgment was rendered upon an appeal by Kindig.   The plaintiff, Lockard, claimed in his petition to be the owner of the judgment, a copy of which he attached to his petition. The board of county commissioners demurred to the petition upon the following grounds :

1.  That the court had no jurisdiction of it.

2.  That the plaintiff had no legal capacity to maintain the suit.

3.  That there was a defect of parties plaintiff.

4.  That there was a defect of parties defendant.

5.  That the petition did not state facts sufficient to constitute a cause of action.

There was a judgment sustaining this demurrer and for costs against the plaintiff.   From this judgment the plaintiff in error prosecutes this proceeding, and assigns that the court erred in sustaining the demurrer and in rendering judgment against him.

The question presented by counsel in their briefs is, Can an action be maintained against a county upon a judgment?   It is insisted, in addition, by the defendant, that the petition contains no specific allegation that the county board ever refused to pay the judgment.

It is further contended in the brief of the defendant

in error that the plaintiff could have no capacity to sue, because, under the provisions of law, the costs accruing in the supreme court belong to the state; that the clerk is paid a salary, etc.

We do not regard either of these latter contentions as of any serious consequence, because the presumption of law is that the plaintiff pays the costs and that the judgment for costs is a judgment in his favor.

The appellant Kindig occupied the position of plaintiff so far as this question is concerned, and the county responded for the state, the appellee or defendant under the statute. As to the contention that there is no allegation that the county refused to pay, we deem it sufficient that this judgment was rendered in April, 1895; that the allegation of the petition is that in February, 1896, the defendant allowed and paid $13.20 thereon, and that there is still due and unpaid, $128.20; and that the action to recover was commenced on the 4th of April, 1900. These facts are sufficient from which to draw an inference, at least, that the county board refused to pay. There is no provision of our statute by which it is made necessary that a judgment shall be presented to the board of commissioners, and audited and allowed as any other claim. This provision prevails in California and possibly in some other states, but not in ours. So, as was said in the first instance, the real question is, Can a suit be maintained against a county upon a judgment? and this we answer in the affirmative. Paragraph 1611, General Statutes of 1889 (Gen. Stat. 1897, ch. 27, §1; Gen. Stat. 1899, §1540), makes each organized county in the state a body corporate and politic, and declares that they have power to sue and be sued, and upon this power and liability there is no

limitation or restriction.    Under the provisions of
section 8 of the same enactment ( Gen. Stat. 1899,
§ 1547 ), it is provided that a judgment against a board
of county commissioners of any county shall not be en-
forced by execution, but shall be paid by the levy and
collection of taxes as other county charges, and that,
when the money is so collected, it shall be paid by the
county treasurer.    (See *Comm'rs of Leavenworth Co. v.
Brewer*, 9 Kan. 307 ; *Gillett v. Comm'rs of Lyon Co.*,
18 id. 414.)

It has been decided by the supreme court that a suit
may be maintained upon a domestic judgment, not-
withstanding the same might be enforced by execution.
(*Burnes v. Simpson*, 9 Kan. 658 ; *Turner v. Crawford*,
14 id. 499 ; *Hummer v. Lamphear*, 32 id. 439, 4 Pac.
865.)

It is urged that it is simply vexatious and of no ad-
vantage to the plaintiff to permit an action to be so
maintained.   This same objection was urged to the
supreme court in the cases cited above.   That court
said it was a matter for the consideration of the legis-
lature ; that a right to maintain suit existed ; that
the court could not change the law, but would be
glad to enforce such a change if the legislature made
it.   In support of this contention that such action
cannot be maintained, counsel for defendant cites
section 432*a* of Freeman on Judgments (3d ed.)   Upon
examination it will be found that this section is not in
point, but refers specially for its support to *Alden v.
The County of Alameda*, 43 Cal. 270.   This decision
is based upon a special statutory provision of Cali-
fornia, and the section itself recites the special condi-
tions created by that statute.   We are also referred to
section 686 of Dillon on Municipal Corporations.   This

section is to the effect that mandamus is the proper remedy for the enforcement of a judgment at law against a municipal corporation, and that a bill in equity is not.   It is well-settled law that mandamus in such cases takes the place of execution, and, indeed, it is the only means by which payment of a judgment against a municipality can be enforced.

Again, counsel cites *School District No. 49 v. School District No. 70*, 20 Kan. 82.   Under what is said by Justice Valentine in this decision, it might be a good defense to the action for the county to show that it admitted the justice of the claim, but that the delay in payment had been through the wilfulness of the officers and agents of the county.   But this is as far as it can be said the decision goes, if it goes even that far.   The judgment for the plaintiff in that case was affirmed.   The petition in this case sufficiently discloses that the county disputes its liability beyond the amount paid by it.   We can see no good reason why an exception should be made to the general law governing this contention in favor of counties which conduct their affairs by their officers and agents.   In such a suit all contentions as to liability of the county for any part of the judgment rendered by the supreme court can be settled.   The plaintiff in this case would not be entitled to any part of the costs for which Kindig was not responsible, and which the law presumes he has paid.   It might be that the state, in behalf of Decatur county, where the prosecution of Kindig seems to have arisen, incurred costs.   Such costs the plaintiff would not be entitled to recover, although the usual course in such cases is, and the one followed in this instance was, to render a general judgment against the county for all the costs, without

discriminating between the costs incurred by the appellant and those incurred by the appellee.

The district court erred in sustaining the demurrer to the petition. The judgment therein is reversed, and the case remanded for further proceedings.