F. M. LOCKARD v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DECATUR.

No. 12,969.    (71 Pac. 856.)

Error from Decatur district court; A. C. T. GEIGER, judge. Opinion filed March 7, 1903. Affirmed.

*L. H. Wilder*, for plaintiff in error.

*W. S. Langmade*, county attorney, and *J. C. Wilson*, for defendant in error.

*Per Curiam:* A criminal prosecution was commenced in Decatur county against one R. O. Kindig. Upon application of defendant, the venue was changed to Cheyenne county. Thereafter, the district judge of that county having been of counsel for the state, the venue was again changed to the district court of Thomas county. The defendant was there tried, and convicted, and he appealed to this court, where the judgment of conviction was reversed (55 Kan. 113, 39 Pac. 1028), and the following order made assessing the costs in this court against Decatur county :

"*In the Supreme Court of the State of Kansas.*

"BE IT REMEMBERED, That on Saturday, April 6, 1895, before the supreme court of the state of Kansas, in session at its court-room in the city of Topeka, the following proceeding was had, and remains of record at page 427 of journal W of said court :

"STATE OF KANSAS, *Appellee*,  } No. 9855.
    *v.*
R. KINDIG, *Appellant.*  }

"This cause comes on for decision, and thereupon it is ordered and adjudged that the judgment of the court below be reversed, and that this cause be remanded for further proceedings in accordance with the views of this court as expressed in its written opinion filed herein.

"It is further ordered that the appellant herein surrender himself into the custody of the sheriff of Thomas county, there to abide the further order of the district court of that county concerning him.

"It is further ordered that the county of Decatur pay the costs of this case in this court, taxed at $140.65, and hereof let execution issue."

Thereafter, one C. J. Brown, a former clerk of this court,

made the following assignment of the costs taxed against Decatur county in said cause by this court to F. M. Lockard, plaintiff herein :

"I, C. J. Brown, ex-clerk of the supreme court of the state of Kansas, do for a valuable consideration hereby sell, assign and transfer to F. M. Lockard the judgment against Decatur county, Kansas, rendered by the sureme court of said state, in the case of *The State of Kansas vs. R. O. Kindig*, on the 6th day of April, 1895, for the sum of $140.65, being the costs of appeal in said cause.

"Witness my hand, this the 1st day of September, 1896.

C. J. BROWN,
*Ex-Clerk Supreme Court of Kansas.*"

This action was commenced by F. M. Lockard against the board of county commissioners of Decatur county to recover the amount of costs so taxed against Decatur county, less $13.20 paid thereon, the basis of the action being a certified copy of the journal entry taxing the costs above set forth. A demurrer was interposed to this petition and sustained by the trial court. Proceedings in error were prosecuted to the court of appeals, and the order of the district court sustaining the demurrer was reversed. ( 10 Kan. App. 316, 62 Pac. 547.) At a retrial of the case in the district court of Decatur county, upon issues joined, the plaintiff offered in evidence the order of this court assessing the costs made in this court in the case of *The State v. Kindig* against Decatur county, above set forth, and also the assignment to Lockard, above quoted, in evidence. Upon this evidence and the following admission of counsel, "It is admitted that at all times that the case of *The State of Kansas v. R. O. Kindig* was pending in the supreme court of the state of Kansas that C. J. Brown was the clerk of said court," the plaintiff rested his case. A demurrer to this evidence was interposed by the defendant, which demurrer was sustained. From this ruling plaintiff prosecutes error.

The ground upon which the ruling sought to be reviewed rests cannot be determined from the record. If correct upon any ground, it must be sustained. Conceding the liability of Decatur county to be established by the order of this court made taxing the costs of this court against Decatur county, upon which the action is brought, and the right to maintain an action thereon against Decatur county, and also conceding C. J. Brown to have been at all times when the case of *The State v. Kindig* was pending in this court clerk of this court, and his assignment of any fees due him to plaintiff valid, yet we think the evidence insuf-

ficient to support a judgment against the defendant and the demurrer thereto properly sustained.

It is not shown by the record what services were performed in this court for which costs were taxed against Decatur county. This court will take judicial notice of the right of its clerk to tax costs for the performance of his official duties, but it will also take judicial notice of the fact that other official duties may be performed in this court for which fees may be taxed aside from the duties of the clerk of the court. Such fees, if any, are the property of the officer performing the service, or of the state, and in such case cannot be assigned by the clerk of the court. As the record fails to show what services were performed by Brown as clerk of this court for which costs were taxed against Decatur county, and as no proof was offered to show the interest of Brown in the costs so taxed, the evidence offered was insufficient to establish plaintiff's right of recovery, and the demurrer to the evidence was properly sustained.

The judgment is affirmed.