## RANSOM v. BOAL.

**Municipal corporation : PUBLIC SQUARE.** A public square of a city is held by the corporation in trust for the public, and cannot be sold on execution against the city for its general indebtedness.

*Appeal from General Term, Eighth District, (Johnson County).*

SATURDAY, JUNE 11.

ACTION by the plaintiff, a lot owner and tax payer in Iowa city, to set aside an execution sale of "College

Green," one of the public squares of said city, as originally platted and recorded. The sale was made to the defendant and appellant, George J. Boal, under an execution issued upon a judgment recovered on city warrants, issued for general corporation purposes. The corporation of Iowa City was made defendant. The defendant Boal made his answer a cross-petition against Iowa City to quiet his title. Iowa City answered the cross-petition. The plaintiff dismissed his action, and the controversy in the district court was, and here is, between Boal and the city.

It appears that the site of the city was originally granted by the general government to the state for a seat of government, and the same was, under the act of 1839, (see Blue Book, 608), platted with streets, alleys and public squares, one of which was College Green; that all the lots of the city has been sold to individuals; that in 1853, the city passed an ordinance granting the sole use and occupation of the west half of College Green, now in controversy, to the Iowa Female Collegiate Institute, upon condition that a building of certain value should be built thereon within a specified time; afterwards, the state, by joint resolution (No. 4, approved January 11, 1855), released its interest in said College Green to said institute. The institute, failing to comply with the conditions, by instrument properly executed, renounced its interest in the property. After this it was levied upon and sold to the defendant Boal.

The district court dismissed the cross-petition of Boal, and its judgment was, by the general term, affirmed. Boal now appeals to this court.

*Fairall & Boal* for the appellant.

*Robinson & Patterson* for the appellee.

COLE, Ch. J.—The only question presented by this record .for our determination is, whether a public square of a city is liable to sale on execution against the city for its general indebtedness. The question is neither new nor difficult.

The cities of our state hold the titles to the streets, alleys and public squares *in trust* for the public; and, upon principle, such trust property can no more be sold to satisfy the debts of the city than can any other trust property be sold to satisfy the individual debts of any other trustee. The property so held by the city can only be used for the purposes to which it was dedicated. It cannot be sold to satisfy its debts. This was directly so held in *The City of Alton* v. *Illinois Trust Co.*, 12 Ill. , 38. Nor can the legislature authorize an appropriation of the property to any other than the trust purposes. *Warren* v. *Mayor of Lyons*, 23 Iowa, 351, and authorities there cited. It is not a question of exemption from execution sale under the statute.

Affirmed.