2156.—CITY OF NEW ORLEANS v. HOME MUTUAL INSURANCE COMPANY. | 23 61 |
| 106 351 |

Bonds issued by corporations and owned by the city of New Orleans, do not constitute a part of the franchises of the city, nor are they essential to the existence or proper exercise of the functions of the corporation. A judgment creditor of the city may therefore cause such bonds to be seized and sold in satisfaction of his debt

APPEAL from Seventh District Court, parish of Orleans. *Collens*, J. *Rufus Waples*, Assistant City Attorney, for plaintiff and appellant. *Lacey & Butler*, for defendant and appellee.

TALIAFERRO, J. The Home Mutual Insurance Company, having obtained judgment against the city of New Orleans, issued execution and caused to be seized, as property of the city, certain bonds of the Commercial Water Works and of the New Orleans and Jackson Railroad, and was proceeding to sell them, when the city obtained an injunction restraining the sheriff from making the sale.

On trial of the case in the court below, the injunction was dissolved, and five hundred dollars as damages were awarded the defendant. The plaintiff in injunction appealed.

In this court the defendant prays an amendment of the judgment rendered by the court *a qua*, decreeing in its favor eight per cent. interest and twenty per cent. damages on the amount enjoined.

The injunction was prayed for on the ground that the bonds seized have the character of public property, and that an individual creditor can not appropriate to his individual benefit property of that kind destined for the use and benefit of the corporation and of the people. We are referred to the case of Egerton v. The Third Municipality, 1 An. 435, and the case of the Police Jury v. Michel, 4 An. 84.

These cases, in our view, do not sustain the doctrine contended for. In the former, the principle was elaborately announced that the paramount interests of public order and the principles of government forbade the right claimed by the plaintiff, as a creditor of the corpora-

tion, to seize and sell taxes due to the corporation; that the authority under article 637 of the Code of Practice granted to creditors to seize under execution "all sums of money which may be due to the debtor in whatsoever right," refers exclusively to that class of rights defined and protected by the constitution as the rights of property, and that taxes imposed for the protection of those rights form no part of them. In the latter case cited, the same principle was recognized. The police jury of West Baton Rouge enjoined a seizure, made by a creditor of the parish, of the courthouse, jail, recorder's office, clerk's office and office furniture. The decision was adverse to the pretensions of the seizing creditor. In the case of Egerton v. The Third Municipality, our predecessors, following the reasoning and line of argument used by the Supreme Court of the United States in the great case of McCulloch v. The State of Maryland, said: " The power to seize the tax in this case involves the power to destroy the corporation; the power to destroy the corporation may defeat and render useless the power to establish it, and that there would have been a plain repugnance in conferring on any individual the right to arrest or impede the action of a constitutional power in the function of government."

The bonds, seized in the case now before the court, can not be regarded as having the same character as that of the tax due the Municipality, or of that of the public buildings in the cases relied upon in the First and Fourth Annuals. They are not essential to the existence of the corporation nor to the useful and proper exercise of its functions. The corporation might be deprived of them without impairing in any degree its capacity to exercise the functions contemplated by the act. of incorporation.

We do not think the circumstances require an amendment of the judgment.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.