# THE CITY OF CHICAGO

*v.*

# O. B. SANSUM.

1. MANDAMUS—*to compel city to pay judgment.* Where a judgment is recovered against a city, a duty rests upon it to pay the same, which may be enforced by *mandamus*, at the suit of an assignee of the judgment.

2. PRACTICE—*time to object for want of demand in proceeding for mandamus.* Where no objection is taken in the court below to a want of a previous demand for the payment of money sought to be enforced by *mandamus* against a city, it can not be urged in this court, even if it is material.

3. FORMER ADJUDICATION. A recovery of judgment in a case where payments are pleaded and urged on the trial, is conclusive between the parties, and the same defense can not be set up and urged a second time on an application for a *mandamus* to enforce payment of the judgment.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. R. S. TUTHILL, and Mr. J. J. LALER, for the appellant.

Mr. ADOLPH MOSES, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is an appeal from a judgment of the court below awarding a peremptory *mandamus* for the payment of a judgment held by appellee, by assignment from one Peter Marr, against appellant. Several preliminary objections are taken to the jurisdiction of the court below, but they may be disposed of with very few remarks.

The duty here sought to be enforced rests upon appellant as a corporate body, and there is, therefore, no impropriety in directing the writ to it. Dillon on Municipal Corporations, sec. 701; *Village of Glencoe* v. *The People,* 78 Ill. 382.

No objection appears to have been urged in the court below on account of a want of a previous demand, and it is, there-

fore, too late to urge the objection now, even if we were to concede its materiality.

"The objection," says Tapping, in his work on Mandamus, "as to the neglect of a demand, or the absence of a refusal, should, in order to prevent a waste of time, be objected to in the first instance, viz: on showing cause against the rule for the writ, and can not be made after the merits of the case have been discussed." See, also, High on Extraordinary Remedies, sec. 515.

The only controversy, on the trial below, seems to have been, whether the judgment sought to be enforced had been paid.

The substance of the defense set up in appellant's answer is, in brief, that Bush & Hagan filed a creditors' bill in the Superior Court of Cook county, against Peter Marr, the plaintiff in the judgment, and appellant, to which Peter Marr and appellant appeared and made answer, and decree was rendered in the cause January 4, 1875, wherein it was found that Peter Marr had given Bush & Hagan an order on the comptroller of the city for $800, which he subsequently countermanded; that he was indebted to Bush & Hagan to the amount of $801.15; that there was due from appellant to Peter Marr more than that amount; and it was decreed that appellant should pay Bush & Hagan $801.15, which, being done, should operate as a discharge of so much of the debt due from Peter Marr to appellant; and, also, that Moulding & Harlan, having received from Peter Marr an order on the comptroller of the city for $1310.75, which was not paid on presentation, filed their creditors' bill, in the Superior Court of Cook county, on the 29th of May, 1874, against Peter Marr and appellant, to which appellant appeared, as did also Peter Marr, by the present appellee, as his attorney; and decree in that case was rendered on the 7th of September, 1874, in favor of Moulding & Harlan, finding that Marr owed them $1310.75; and it was decreed that the same be considered equitable assets in the hands of the city, by virtue of the equitable assignment

of the order given by Marr to Moulding & Harlan; and that Marr be perpetually enjoined from assigning so much of the indebtedness of the city to him as should embrace said sum of $1310.75, and from collecting from appellant any amount except the excess over and above said sum; and, also, that appellant, upon making payment of said sum, be credited upon its indebtedness to Marr, for that amount; and it is then alleged that both these decrees were paid by appellant, on the 6th of January, 1875.

To this, it was replied, in substance, by appellee, that Marr sued the appellant, in assumpsit, on the 20th of February, 1874, for $8000, for labor expended in the erection of a police station, to which appellant pleaded the general issue and a set-off, claiming damages thereunder against Marr; that the trial came on, and appellant offered in evidence, under the pleadings, as payment, the same orders involved in the before-named decrees; that the orders were received as payment on said trial, and the jury rendered a verdict in favor of Marr, and against appellant, for $2000, which is the same judgment of which payment is sought to be enforced by this proceeding.

To this, appellant demurred, but the demurrer was waived by appellant, subsequently, upon the court ruling thereon against it, rejoining over, putting in issue the matters set up in the replication.

It is now insisted this presented an immaterial issue. We do not coincide with this view. We think it very clear that an indebtedness of Marr to the appellant in consequence of payments made by it on his account, which were the subject of set-off on the trial when this judgment was obtained, can not now be brought forward, either legally or equitably, as a payment of it, or, in any other guise, urged as a defense to the collection of the judgment.

The presumption, from all the facts before us, is, that the judgment was rendered for indebtedness of appellant to Marr remaining after deducting the amount of these orders. If such was not the fact, an appeal should have been prosecuted

from the judgment to correct the error in the failure to allow the amounts of those payments. Neither of the decrees assumes to declare that the amount embraced in it is all that appellant owes Marr, and, consequently, in nowise can it be pretended as a bar to any subsequent suit for a balance then due from appellant to it.

The defense ought, so far as it was admissible, to have been interposed on the trial at which the judgment was obtained. It was there interposed, and that judgment remaining in full force, it is within no recognized legal or equitable principle to allow the same defense to be again interposed when collection of the judgment is sought.

The affidavit for a continuance disclosed no diligence, and was properly overruled.

There were some minor objections alleged, but not seriously pressed, which we have deemed too trivial to notice.

Perceiving no error in the judgment, it is affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY took no part in the consideration of this case.