## BOARD OF COM'RS OF GRAND COUNTY v. KING.

(Circuit Court of Appeals, Eighth Circuit. May 6, 1895.)

No. 452.

RECORD ON APPEAL.

After the granting of a writ of mandamus to compel county commissioners to levy a tax for the purpose of paying a judgment against the county, the attorney for plaintiff sent written notice to defendant's attorneys, mentioning certain parts of the record in the original cause wherein the judgment sought to be enforced was rendered as being, in his opinion, necessary for consideration on appeal; and plaintiff's attorneys indorsed thereon that they had received the notice, and statement of parts of the record attached thereto. This matter was not incorporated in the bill of exceptions, nor certified to by the clerk, but was tacked to the record on appeal by counsel, without official sanction. Held, that it properly constituted no part of the record, and could not be considered by the appellate court.

In Error to the Circuit Court of the United States for the District of Colorado.

This was a petition by Francis G. King for a writ of mandamus directing George Bunto, Thomas E. Pharo, and John Rowen, as members of the board of county commissioners of Grand county, Colo., to levy a special tax to pay a judgment against the county held by the petitioner. The circuit court granted the writ, and the respondents appealed. On February 18, 1895, the judgment was reversed by this court because the record did not show that the

judgment sought to be enforced was recovered upon any obliga· tion issued under a statute requiring the commissioners to levy a special tax for the payment thereof, and that in the absence of any such legislative direction the court had no power to direct the levy of such a tax. 67 Fed. 202. The petition for the writ of mandamus in fact did not show the nature of the cause of action upon which the judgment was recovered. The plaintiff has now filed a petition for a rehearing.

Sam W. Jones and L. B. France, for plaintiff in error.

Willard Teller, H. M. Orahood, and E. B. Morgan, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

PER CURIAM. A petition for rehearing has been filed in this case, in which it is said that there was an agreement between counsel that the record in the case in which the judgment was obtained should be made a part of the record in the mandamus proceeding. It is enough to say, in answer to this suggestion, that no such agreement appears in the record before this court. And we repeat what we said in our opinion, that "there is nothing in the record before us, which we can consider, that shows the plaintiff's judgment was rendered on county warrants." Months after the case was tried and disposed of in the lower court, the attorneys for the plaintiff addressed a notice to the defendant's counsel, reading as follows:

"Francis G. King, Plaintiff, vs. The Board of County Commissioners of the County of Grand, Defendant.

"Messrs. Teller, Orahood & Morgan, Attorneys for Plaintiff: Please take notice that the following is the statement of the parts of the record in the original cause between the above-named plaintiff and defendant which appellant thinks necessary for the consideration of the errors assigned on appeal to the United States circuit court of appeals for the Eighth circuit.

"Sam W. Jones and L. B. France, Attorneys for Defendant.

"Received a copy of the above notice, and statement of parts of the record attached thereto, this 24th day of July, A. D. 1894.

"Teller, Orahood & Morgan, Attorneys for Plaintiff."

Following this notice is an abstract of a complaint, and some memoranda of the proceedings in the case in which the complaint was filed. The court did not overlook this irrelevant and useless paper, but it was so obvious that it was no part of the record in the case that no reference was made to it in the opinion. It is not only not in the bill of exceptions, but it is outside of the record certified to by the clerk. It is extraneous and foreign matter tacked onto the record by counsel long after the trial of the cause, and has no official sanction whatever. It is needless to say that new evidence cannot be introduced into the record of a case, for the consideration of the appellate court, long after the case has been tried and judgment rendered therein in the lower court, by giving notice that the "appellant thinks such evidence necessary for the consideration of the case on appeal." The jurisdiction of this court is purely appellate, and is limited to reviewing the action of the lower court upon the pleadings and evidence that were before that court.

Moreover, it is admitted that the petition for mandamus did not show the nature of the cause of action upon which the judgment was rendered, and the court below overruled the demurrer to the petition, thus holding that the existence of the judgment alone entitled the plaintiff to a mandamus. The rehearing is denied.