D. M. ALTER ET AL. V. STATE OF NEBRASKA, EX REL. KOUNTZE BROTHERS.

FILED JUNE 19, 1901.    No. 11,886.

Commissioner's opinion, Department No. 2.

1. **Judgment Insufficient as to Part of Defendants Reversed as to Them.** There being no evidence to support the findings and judgment as to a part of the defendants, the judgment is reversed as to them.

2. **Municipal Corporation:** IRREGULAR JUDGMENT: BUT WILL RESIST COLLATERAL ATTACK. If suit is begun against a municipal corporation by filing petition and issuing and service of summons, it is irregular to enter a judgment against defendant without first entering its default. But judgment, when so entered, after answer day, upon the written stipulation of defendant's attorney, will not be void when collaterally attacked.

3. **Execution:** MANDAMUS. Section 482 of the Code applies to judgments against municipal corporations; but proceedings by mandamus, if in good faith, to compel a levy and collection of taxes to pay the judgment will be equivalent to issuing an execution on judgment against an individual.

4. **Dormant Judgment:** REVIVOR: QUÆRE. Whether levy and collection of taxes by the proper officers and paying the same upon

the judgment will prevent the same from becoming dormant, *quære*.

5. ———. If no tax is levied and no proceedings begun to compel such levy, a judgment against a municipal corporation will become dormant in five years.

6. ———: STATUTORY REVIVOR. After a judgment against a municipal corporation has become dormant the levy of a tax and payment on such judgment will not revive the same; the statutory method of revivor is exclusive.

ERROR from the district court for Adams county. Tried below before ADAMS, J. *Reversed*.

*Harrison & Pearne, W. P. McCreary* and *W. F. Button,* for plaintiffs in error.

*John M. Ragan, Reavis & Reavis* and *A      Bowen, contra*

Argued orally by *W. P. McCreary* and *T. O. C. Harrison,* for plaintiffs; by *John M. Ragan, contra.*

SEDGWICK, C.

This action was begun in the district court of Adams county to procure a peremptory writ of mandamus to compel the levy and collection of taxes to pay a judgment which it was alleged, the relators had obtained against school district No. 34 of Adams county and school district No. 21 of Hall county. Upon trial in the district court there was a judgment awarding the peremptory writ as prayed. The action was against the chairman and supervisors, county clerk and county treasurer of Adams county, and also the chairman and supervisors, county clerk and treasurer of Hall county, and the defendants therein have brought the case here for review upon petition in error, the said officers of Hall county having united in a petition in error to reverse the judgment as against them, and the officers of Adams county having united in a separate petition in error to reverse the judgment as against them.

It is alleged in the petition for the writ that at the June

term, 1878, of the district court for Adams county the relators obtained a judgment against school district No. 34 of Adams county, Nebraska, and school district No. 21 of Hall county, Nebraska, for the sum of $1,258.98 and costs, with interest at ten per cent. per annum from that date; that both school districts were organized on the 12th day of April, 1873, and that permission was granted to these school districts respectively by the respective superintendents of public instruction of the two counties to join with each other for school purposes; and that the bonds were issued jointly by the two districts in pursuance of authority of the legal voters of both districts, but the bonds ran in the name of school district No. 34 alone; that said judgment was pronounced equally against both districts, describing the territory in both of them. The petition then describes the territory in both districts respectively, and alleges that the said judgment, "by its terms and the stipulation of the parties in open court, was made to run against all of the original territory comprised in both the school districts herein mentioned.

1. The defendant officers of Hall county insist that the decree, as against them, is not supported by the evidence. It will be observed that the petition for the writ shows that there were, at the time of issuing the bonds in question, two independent school districts, No. 34 and No. 21, and alleges that they have been authorized to unite in building a schoolhouse and issuing the bonds in payment therefor; and these and all other allegations of the relators tending to show that any territory of Hall county was included in district No. 34 at the time of the issuing of the bonds, or that school district No. 21 of Hall county was in any way connected with the issuing of the bonds, or liable therefor, are denied by the defendant officers of Hall county, and there was no proof on the trial tending to support these allegations, except the record of the proceedings of the district court in the former suit against district No. 34, from which it appears that one Bowen, attorney at law, acted for district No. 34, and as such attorney stipulated

20

that the judgment against that district should include and bind the territory of district No. 21, situated in Hall county. So that, even upon the theory of the relators, there is no foundation shown in the evidence offered in any way connecting any of the territory in district No. 21 of Hall county with district No. 34 of Adams county, and this judgment can not be sustained as to the officers of Hall county.

2. In behalf of the officers of Adams county it is insisted that the alleged judgment upon the bonds is void, because "it was entered upon confession of an attorney and no warrant of attorney for making such confession was produced at the time." This court has held that under our statutes a warrant of attorney is necessary to enter a judgment by confession against a corporation. *Howell v. Gilt Edge Mfg. Co.,* 32 Nebr., 627; *Chicago, B. & Q. R. Co. v. Hitchcock County,* 60 Nebr., 722, and *Fogg v. Ellis,* 61 Nebr., 829, decided at the present term of this court. But the judgment in question was not entered by confession. A petition was filed, summons regularly issued and served, and defendant was in default for answer. If there had been no stipulation between the parties, there still would have been no irregularity, except the omission to enter a formal default against the defendant. Such an irregularity would not render the judgment void. *Likes v. Wildish,* 27 Nebr., 151; *Smith v. Silvis,* 8 Nebr., 164.

3. It is also insisted that no execution was ever issued on said judgment, nor any other proceeding had to revive the same, and the judgment was, therefore, at the time of the commencement of these proceedings, dormant under section 482 of the Code. The statute no doubt applies to judgments against municipal corporations, as well as other judgments. *State v. School District,* 25 Nebr., 301. The statute makes no exception, and the court can make none; but our statute provides that no execution shall issue against municipal corporations, and the remedy by mandamus to compel a levy of taxes to pay the judgment against such corporations performs the office of an execu-

tion in ordinary cases. In *United States v. Township of Oswego*, 28 Fed. Rep., 55, it was held by Judge Brewer: "A writ of mandamus to enforce collection of judgment against a municipality on its bonds is in the nature of, and is legally equivalent to, the statutory writ of execution. The right to prosecute the writ for such a purpose is limited to the same period of time within which execution may be sued out on a judgment against individuals," which we think is the correct rule. Certainly a peremptory writ of mandamus will not be allowed to compel the levy of a tax to pay a dormant judgment. *State v. School District, supra.* But it is contended that upon the facts admitted by the defendant officers of Adams county, or established by the proof, the judgment in question was not dormant. The allegations so admitted by the officers of Adams county are: "That the judgment so obtained against the two districts aforesaid by its terms and the stipulation of the parties in open court, was made to run against all of the original territory comprised in both the school districts herein mentioned, and has been recognized by the inhabitants of both districts constantly from that time hitherto as binding on said territory, and each district has from time to time made divers payments on said judgment, the last being on the 17th of May, 1899; that in the year 1892, at the instance of the authorities of school district 34 the supervisors of said county levied a tax of forty mills on all the original territory comprised in school district 34 in Adams county, and that tax so levied was spread upon the tax books of said county and collected by the treasurer; * * * that after all of said tax had been paid and sometime in the month of January, 1894, and before the money had been applied on the judgment aforesaid divers taxpayers in the detached district aforesaid sued out an injunction against the treasurer of Adams county, restraining him from paying over the money so collected on the detached territory aforesaid and also restraining the plaintiff herein from doing anything toward enforcing its judgment against said detached territory; that on the

trial of said cause in the district court of Adams county, the temporary injunction theretofore issued was made perpetual by the judgment of said court, and thereupon said cause was removed by appeal to the supreme court by this relator, where upon consideration of the record of said cause the judgment of the court below was reversed and the action dismissed; that on or about the first day of July, 1899, at the annual meeting in school district 34, Adams county, and school district 21 of Hall county, it was voted that the joint indebtedness of said districts to this relator be reported to the several boards of supervisors of said counties with a view to levy a tax sufficient to pay what remains unpaid on said judgment which at this date amounts to about $1,800 inclusive of costs in the original action; that upon the receipt of said report of the indebtedness of the school districts aforesaid the several boards of supervisors at their next regular meeting which occurred about the 10th of August, 1899, refused to levy the tax asked for and which was necessary to pay the remaining indebtedness to this relator on the judgment and the bonds aforesaid."

The findings of the trial court, that school districts No. 34 and No. 21 constituted, and still continue, one district, known as school district No. 34, for all school purposes, and that all of the inhabitants of both districts participated in the issue of the bonds to build a schoolhouse, are not supported by the petition or evidence, nor is the finding that both districts "have constantly recognized said judgment as valid and subsisting and have voted and levied taxes on said combined districts from year to year, thereby raising money to pay on said judgment and the interest accruing thereon by its terms." The evidence and stipulation between the relator and tax-levying body of Adams county show that about $2,000 has been paid on the judgment. The deputy clerk of the district court was sworn as a witness and presented a paper, which he testified was a list of the dates and payments that he had taken from the ledgers, and that one item of $500 on the list was placed

there at the instance and request of Mr. Reavis, attorney
for the plaintiff.  This paper was then offered in evidence
and was objected to by the defendant officers of Adams
county as incompetent.  The objection was overruled and
exception taken.  In the petition in error of the defendant
officers of Adams county the receiving of this paper in
evidence is not assigned as error; so that the question of
its competency is not now raised.  The first item thereon
is "Jan., 21, 1882, by W. S. Crow, Co. Treas., Ledger 1,
page 13, 5, 12."  There are similar items dated in each
subsequent year consecutively to and including the year
1896, except the years 1884, 1885, 1888, 1889, 1894 and
1895, and a memorandum made in 1899, "admit by Reavis,
$500.00."  No other evidence was offered as to the assess-
ment or levy of tax, or the action of either district or the
inhabitants thereof, or the dates or amounts of payments
or by whom and how paid.  It seems that ordinarily pay-
ments made upon a judgment will not prevent its becoming
dormant.  *Stanley v. McWhorter,* 1 S. E. Rep. [Ga.], 260.
In *Godman v. Boggs,* 12 Nebr., 13, this court, quoting
from *Kelley v. Vincent,* 8 Ohio St., 418, said: "Taking a
writ of execution from the clerk's office by the judgment
creditor or his attorney, and returning the same to the
clerk, without delivering to the sheriff, is not suing out on
execution within the meaning of the statute."  The supreme
court of Ohio, in the case cited, further said: "Having the
writ of execution delivered to the officer, attended with
the usual effort to make service and return thereon by him,
affords a reasonable public claim, on the part of the plain-
tiff, that the judgment remains in full force, which would
be wanting, by dispensing with the writ being issued to the
sheriff."  And it seems reasonable that by analogy, in
order to prevent the running of the statute upon judgments
against municipal corporations, the application for the
writ of mandamus must be with the intention in good faith
to obtain the writ and procure the assessment and levy of
the necessary tax thereunder.  If the proceedings were
abandoned as soon as the writ was allowed, it may well

be doubted whether the running of the statute would be prevented. It might be considered that the levy of the tax would correspond to the levy of the writ on judgments against individuals; but while no levy can be had under ordinary judgments without the formal issuing and delivery of the execution, this is not true in the case of judgments against municipal corporations; and in such case, where the proper officers proceed and levy the tax, as their duty would require them to do, there may be reason to suppose that such levy will take the place of the levy of an execution, including the issuing and delivery of the same upon ordinary judgments; and if so, it would follow that where the proper authorities levy the necessary tax for the purpose of paying a judgment against a municipal corporation, and the same is collected and actually paid upon the judgment, this would be equivalent to the issuing of an execution upon an ordinary judgment within the meaning of section 482. But such a construction of the statute would not be decisive of this case. Issuing an execution upon a dormant judgment, even though the execution should be actually levied and a sale of the property made thereunder, will not revive the judgment; nor would the levy of a tax and the collection and payment of the same upon a dormant judgment against a municipal corporation revive the judgment. The statute provides a method of reviving dormant judgments, and it is exclusive. To levy a tax to pay a dormant judgment would be a violation of duty on the part of the officers so levying it. *State v. School District, supra.* There is no allegation in the petition for the writ in this case that any tax was levied for this judgment, nor any mandamus allowed or asked for, until 1892, nearly fourteen years after the date of the judgment. The judgment was, therefore, dormant, and the subsequent levy and other proceedings alleged in the petition would not revive the same. It follows that the relators were not entitled to the writ against the defendant officers of Adams county.

It is therefore recommended that this judgment be reversed and cause dismissed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is reversed and the cause dismissed.

REVERSED.