### WEAVER v. CITY OF OGDEN CITY et al.

(Circuit Court, D. Utah. October 28, 1901.)

#### No. 453.

1. MANDAMUS — MUNICIPAL CORPORATIONS — COMPELLING PAYMENT OF JUDGMENT.

Petitioner prayed for a writ of mandamus against the respondent city and its mayor and council to compel them to appropriate money to pay certain judgments recovered against the city, or to levy a tax therefor. The return to the alternative writ showed that respondents had caused a warrant to issue in favor of petitioner for the amount of such judgments, which was tendered to him and refused. The statutes of the state provided that all funds of the city should be paid out by its treasurer on warrants, which should be paid on presentation if there were sufficient funds on hand, and, if not, that they should be registered, and paid in the order of registration. No power was given the city to levy a special tax for the payment of judgments, nor to make a special appropriation of funds for such purpose; nor was it shown that the indebtedness on which the judgments were rendered was one for which a special levy or appropriation could be made, nor that respondents had failed to levy taxes to the limit permitted by law. *Held* that, under the elementary rule that a mandamus can be issued against public corporations or officers only to compel performance of a plain duty imposed by law, no ground was shown for the granting of the writ.[1]

---

[1] Enforcement of judgment against municipality by mandamus, see note to Holt Co. v. National Life Ins. Co. of Montpelier, 25 C. C. A. 175.

2. MUNICIPAL CORPORATIONS—RIGHT OF CREDITORS—ENFORCEMENT OF JUDG-
MENTS.

The fact that the holder of claims against a municipal corporation
has reduced the same to judgment gives him no new right in respect to
the means of enforcing payment, in the absence of a statute making
special provision for the payment of judgments.

On Application for Writ of Mandamus.

A. Howat and L. R. Rogers, for petitioner.

H. R. Macmillan, City Atty., H. H. Henderson, and Ogden Hiles,
for defendant city.

MARSHALL, District Judge. This is an application for a writ
of mandamus requiring Ogden City, its mayor and city council, to
make an appropriation for the payment of two certain judgments re-
covered by petitioner, and to pay the same if the city has sufficient
funds for that purpose; otherwise to levy and collect a tax there-
for. The petition for the writ alleges the recovery by the plaintiff
in this court of two judgments against the defendant; aggregating
$22,042.58, a demand on the mayor and city council of defendant
for payment, and its refusal, the subsequent issue of an execution,
and a return nulla bona thereon. An alternative writ was issued,
to which Ogden City has made return:

"That on the 13th day of September, 1901, the city council of Ogden City
passed a resolution, which resolution was thereafter signed by the mayor,
authorizing the city auditor of Ogden City to issue a warrant payable to the
order of William C. Weaver, receiver (being No. 40,871), for twenty-four thou-
sand five hundred sixty-eight and 37/100 ($24,568.37) dollars, which included
the amount of the judgments, together with costs and interest, mentioned in
said alternative writ of mandate. That thereafter, on the 14th day of Sep-
tember, 1901, said defendant tendered said warrant to William C. Weaver
as said receiver, which said warrant said William C. Weaver then and there
refused to accept. And this defendant says that at the time of the issu-
ance of said warrant it had not sufficient funds on hand to pay the same,
and this defendant further says that it has no power under its charter or
the laws of the state of Utah to levy a special tax with which to pay said
judgments, interest, and costs, as required by said writ."

This return has been treated by the parties as the return of all of
the respondents.

A hearing was had, at which it appeared that, when the petition
for the mandamus was filed, Ogden City had in the hands of its
treasurer $18,500.85 of general funds, and on September 13, 1901,
when the warrant described in the return was tendered, it had $24,-
042.56; that at the same dates there were outstanding warrants
drawn on this fund, and theretofore presented to the treasurer for
payment, and payment refused for want of funds, aggregating about
$70,000.

As Ogden City is an instrumentality of the state in the govern-
ment of the people, its revenues are not subject to seizure under
execution. Its judgment creditors can have no recourse to such
revenues, other than such as the statutes of the state have pre-
scribed. It is elementary that the remedy by way of mandamus will
only lie to enforce the performance of a plain legal duty upon the
part of a public officer, and where the petitioner has no other ade-

quate remedy. The petitioner in this case must be able to point to a statute of the state which expressly or by implication imposed some duty upon the mayor and city council which they have failed to perform. The petition for the writ does not allege, nor was evidence introduced to show, the nature of the indebtedness for which the judgments were recovered. The case stands on the existence merely of the judgments. Board v. King, 15 C. C. A. 93, 67 Fed. 945. Hence we must look exclusively to the statutes of the state as they existed at the date of the judgments, in order to determine the rights of the judgment creditor. By those statutes the city council is given power to control the finances of the corporation, to appropriate money for corporate purposes, to provide for payment of corporate debts, and to levy and collect taxes for general and special purposes. Rev. St. Utah, § 206. But the general taxes which may be levied are limited in amount by statute, and the objects of special taxes enumerated. The payment of judgments against the city is not one of those enumerated objects. It is further provided that the city treasurer shall receive all money belonging to the city, and shall "pay no money out save upon lawful warrant, except bonds and interest coupons." Id. §§, 232, 233. And section 234 provides:

"All warrants shall be paid in the order in which they shall be presented, and the treasurer shall note upon the back of each warrant presented to him, the date of such presentation and when payment is made the date of such payment: provided, that any warrant shall be paid by the treasurer in case a sufficient amount of money shall remain in the treasury to pay all warrants issued previous to such warrant."

And section 230 provides:

"The city auditor, in cities having an auditor, and in all other cases, the city recorder, shall draw and countersign all orders upon the treasurer in pursuance of any order or resolution of the city council and keep a full and accurate account thereof in books provided for that purpose."

Taking these provisions of the statute together, it is evident that the power of the city council to pay the debts of the city is to be exercised by resolution that a warrant issue directing the treasurer to pay. The auditor then issues the warrant, and the treasurer is required to pay it upon presentation, if there be sufficient funds on hand for that purpose. If not, the warrant is ranked among the unpaid warrants in the order in which such warrants were presented, and is paid in its turn. The mere fact that the petitioner is a judgment creditor gives him no priority. As stated in U. S. v. Macon Co., 99 U. S. 582, 591, 25 L. Ed. 331, 333, "the judgment has the effect of a judicial determination of the validity of his demand and the amount that is due, but it gives him no new right in respect to the means of payment." He is still entitled to the right, and only to the right, given to him by the statute of the state in relation to cities and the disposition of their revenues. This statute, we have seen, provides a procedure by which he will be paid in his turn. The court is not authorized to change the order of payment. Bailey v. Lawrence Co. (S. D.) 51 N. W. 331, 332. So that, unless an additional tax ought to have been levied, it does not appear that the

respondents have failed to perform the duty incumbent on them under the statutes of the state. The power to tax is exclusively a legislative power. A court has no taxing power. It cannot coerce a levy in this case unless the statutes of the state have made it the clear duty of the respondents to levy a tax, and they have failed to perform this duty. But the petitioner has wholly failed to allege or prove that the city council have not levied for this year the maximum rate of tax authorized by law to be levied for general purposes, and there is no showing that the judgments in question were rendered upon a kind of indebtedness for the payment of which the law provides that a special tax shall be levied. Nor can the petitioner demand that a specific part of the general tax shall be levied to pay his judgments. Board v. King, 14 C. C. A. 421, 67 Fed. 202. For aught that appears, the respondents have discharged their full duty in this respect.

But it is argued that the return in this case is insufficient because it is to the effect that at the time the warrant in question was tendered to petitioner there were not sufficient funds on hand to pay the same, but omits to state that there were no funds on hand which could legally be applied in part payment of the warrant. If a mandamus had been sought against the city treasurer, and he had made this return, the criticism would be justified. But Ogden City, its mayor and city council, are the only persons sought to be mandamused. It was only necessary that the return should justify the acts or failure to act of the mayor and the city council. As it shows that they caused a warrant to issue and be tendered to petitioner, which would make it the duty of the treasurer to pay to him any money in the treasurer's hands legally applicable to the payment of the warrant until it was fully paid, it discloses that they have discharged their duty.

The peremptory writ will be denied.