LITTLE RIVER BANK & TRUST COMPANY, a banking corporation, *Relator*, vs. HARRY P. JOHNSON, as Mayor of the Town of Tavares, C. A. STUBBS, J. B. NICKELL, C. L. WISEMAN, J. W. MOSLEY, and THOMAS W. LONG, as and constituting the Town Council of said Town, and E. I. BURLEIGH, as Town Clerk of said Town, *Respondent*.

141 So. 141.

Division B.

Opinion filed April 19, 1932.

214

*Shutts & Bowen, Herbert S. Sawyer* and *E. S. Quick,* for Relator;

*C. Rogers Wells,* for Respondents.

DAVIS, J.—In this case a motion to quash the amended alternative writ of mandamus was heretofore over-ruled. See Little River Bank & Trust Co. v. Johnson, Mayor, 102 Fla. 827, 136 Sou. Rep. 452.

Since that time the respondents, as mayor and town council of the Town of Tavares, have filed their return to the amended alternative writ. By such return they allege that the bonds held by the relator and described in the alternative writ, as amended, are general obligations of the Town of Tavares; that they are not payable out of any particular fund, or in any particular way; that said bonds matured July 1, 1929; that the prevailing statute of limitations applicable thereto commenced to run as of the date of such maturity, to-wit, July 1, 1929; that any cause of action against said Town of Tavares on said bonds has been barred by Section 4, Article 14, Chapter 8375, Laws of Florida, Special Acts, 1919; that an order of this Court directing the payment of any sum on said bonds so barred would be in violation of said Act; that no new or further promise in writing nor payments has been done or made which would remove said cause of action from the operation of said Act; that for the reasons stated, an order of this Court in the form of a mandamus for the levy of any tax to pay the bonds so barred would be the creation of a new liability against the Town of Tavares in favor of relator, and would be unlawful.

Notwithstanding what was said by this Court on the first hearing in this case, the respondents again argue in support of their return that the statute of limitations has run on the bonds attempted to be enforced in this proceeding, that a writ of mandamus should not be issued to require the payment of such bonds, or for the assessment

of a tax to pay bonds, on which a suit at law could be suc-cessfully defended on the plea that a direct recovery on the bonds is barred by a prevailing statute of limitations.

The statute relied on by respondent is Section 4, Article 14, Chapter 8375, Laws of Florida, Special Acts 1919, which reads as follows: ''That suits on all causes of action of whatsoever kind or nature accruing against the Town of Tavares shall be instituted within six months after the cause of action accrues.'' In connection with its application to the case at bar, it is contended that the language used in the statute covers *any* cause *of action of any kind or nature* which might accrue against the Town of Tavares, and that under this statute a suit against the Town of Tavares for judgment on the bonds described in the amended alternative writ must necessarily have been commenced within six months after July 1, 1929, when they matured, or else any claim thereunder would be barred because of the Section of the statute above referred to.

A complete answer to the defense based upon the alleged statute of limitations contained in the charter of Tavares, is found in the nature of the obligations as to which the writ of mandamus is sought in the case at bar.

The object of the amended writ is to enforce by judicial process the payment of public securities which appear to have been lawfully issued by the respondent city. Each of the bonds sued on and described in the alternative writ of mandamus appears to have been duly validated by the decree of the Circuit Court for Lake County, Florida, a certificate to that effect being endorsed on each of the bonds. Under Sections 5106, 5112 C. G. L., 3296, 3302 R. G. S., any matter or thing affecting the power or authority of a municipality to issue bonds, or regulating their issue, including questions of both law and fact, so far as those matters or things can be lawfully prescribed, regulated, limited or dispensed with by the Legislature, are put

in repose by a decree rendered in validation proceedings under the statute. In addition to' this, all personal constitutional privileges designed solely for the protection of property rights of individual tax payers, with reference to which privileges the individual tax payer may estop himself, or which he may waive, may be concluded by such validation proceedings when appropriately invoked. Weinberger vs. Board of Public Instruction, 93 Fla. 470, 112 Sou. Rep. 253; City o'f West Palm Beach v. State, 93 Fla. 335, 111 South. Rep. 640.

Assuming that the financial competency of the respondent municipality to pay its obligations when due, and also the fact that their validity has already been established by a court of competent jurisdiction, the only question which may then arise is as to the means of payment which are provided by law for the extinguishment or liquidation of the debt.

It is seldom that public securities are secured by a pledge of particular property for their payment. The question of financial competency therefore resolves itself into a determination of the extent and character of the power, existing in the municipality issuing such securities, to levy taxes for the payment of the principal and accruing interest.

The pro'perty of a public corporation can ordinarily be sold only at the cost of abandoning the discharge of its normal governmental or administrative duties. The possession and use of such property is an essential condition of governmental activity. Outside of New England, municipal bankruptcy does not even suggest foreclosure proceedings or the enforcement of a legal lien against the corporate property. The conditions involved in public indebtedness are consequently not at all analogous to private indebtedness, or the issuance of bonds by a private co'rpora-

tion secured by mortgage. Litchfield v. Ballou, 114 U. S. 190, 5 Sup. Ct. Rep. 820, 29 L. Ed. 132.

The property of a public corporation acquired by it for public purposes, and in its capacity as a governmental agent, is held in trust for the public for the uses and purposes for which acquired. City of Alton v. Illinois Trust Co., 12 Ill. 38; City of Oakland v. Oakland Water Front Co., 118 Cal. 160, 50 Pac. 277; City of Salem v. Lane, 90 Ill. App. Ct. 560; Edgerton v. Third Municipality, 1 La. Ann. 435; Carter v. State, 42 La. Ann. 927, 8 Sou. Rep. 836; Darling v. City of Baltimore, 51 Md. 1.

Trust property owned by a municipality and held for public purposes cannot be reached by process and sold to satisfy its debts any more than can other trust property be sold to satisfy individual debts of any other trustee. Ransom v. Boal, 29 Iowa 68. A judgment against a municipality, therefore, in the absence of express statutory provisions, cannot be enforced by execution, neither is it a lien upon any of its property. Weaver v. Ogden City, 111 Fed. 323; Meriwether v. Garrett, 102 U. S. 472, 26 L. Ed. 197. Nor can private property of the inhabitants of a municipality be seized under execution for its debts. City of Chicago v. Samsum, 87 Ill. 182; Emeric v. Gilman, 10 Cal. 404; Lockhard v. Decatur County, 10 Kan. App. 316, 62 Pac. 547; Alter v. State, 62 Neb. 239, 86 N. W. 1080.

This principle has been universally adopted on the grounds of public policy since it is not considered permissible or advisable that the State or its governmental subdivisions should be hampered or prevented through a loss of its public property from exercising its public powers or carrying out its governmental functions. It has, however, been modified to some extent by confining its application to property absolutely essential to the existence of the public corporation, or necessary and useful to the exercise and performance of governmental powers, or the perform-

ance of governmental duties. City of New Orleans v. Home Mutual Life Ins. Co., 23 La. Ann. 61; Darlington v. City of New York, 31 N. Y. 164; City of Birmingham v. Rumsey, 63 Ala. 352.

The remedy ordinarily available to a holder of public securities issued by a municipal corporation, therefore, is a writ of mandamus directed to the proper officers of the municipality to compel it to levy a tax within constitutional or statutory limitations sufficient to pay the obligation, or to secure an appropriation for the payment in the event there are sufficient funds on hand for that purpose.

Negotiable securities as issued by public corporations usually have provisions made for their payment in the grant of authority from a special fund, or by a special tax levy upon specific property, or they may constitute a general obligation of the corporation payable from its general revenues from whatever source derived. In many instances the indebtedness may be incurred for special purposes, but the security by its wording may constitute a charge upon both special sources of payment and the general revenues of the corporation.

If negotiable securities are phrased as a general obligation of the municipality, although they may contain provisions for their payment from special fund or tax upon specific property, as in the case of local improvement bonds, the authorities are quite uniform in holding that upon the exhaustion of such special fund or tax levy the general revenues of the municipality can be drawn upon to meet these obligations. The promise to pay is a primary contract, the obligation on the part of the municipality to raise a special fund or levy special taxes being a separate and independent undertaking, the failure to perform which does not or cannot affect the right of the holder to enforce the security according to its terms against the maker. United States v. Clark County, 96 U. S. 211, 24 L. Ed.

628; Birmingham Trust & Savings Co. vs. Jefferson County, 137 Ala. 375, 34 Sou. Rep. 398; Gable v. City of Altoona, 200 Pa. 15, 49 Atl. 367.

When the power is directly given in the grant of authority to levy taxes for the payment of the principal of, and the interest on, public securities, it is generally construed as a mandatory character, and although the language may be permissive in form, it is usually held peremptory in effect. City of Little Rock v. United States, 103 Fed. 418; Supervisors of Rock Island County v. United States, 4 Wall. 435, 18 L. Ed. 419.

Therefore when public securities have been issued under authority of law, and the Act under which they were issued provides a special fund for the payment of such obligations, on the faith and credit of which they were negotiated, and it is expressly incorporated into the contract that the municipality issuing them shall have power to assess a tax for the special purpose of paying the bonds and interest thereon, and the municipal authorities either neglect or refuse to perform this plain duty imposed on them by law, the remedy which the injured party may have for such refusal or neglect of duty is the writ of mandamus. Knox County Commissioners v. Aspinwall, 24 How. 376, 16 L. Ed. 735.

And where by appropriate judicial proceedings there has been a judgment of a court of competent jurisdiction establishing the validity of the claim, and the amount due on municipal bonds, this satisfies the ordinary requirement that a judgment at law is generally necessary to establish the *validity* of a claim, before a writ of mandamus will issue to compel a municipality to raise by taxation the amount necessary to satisfy it as a just debt. Heine v. Lee Commissioners, 19 Wall. 655, 22 L. Ed. 223.

The present suit is in the nature of an execution to collect moneys. Its object is to enforce the payment, in the

way provided by law, of the relator's bonds which have long since been judicially established as an indisputable claim against the City of Tavares. The only defenses that can be considered in answer to such a proceeding are those which may be presented in the proper course of judicial procedure against the collection of any valid municipal debt incurred under authority of law and already adjudicated to be a binding obligation.

The validity of these bonds and the municipality's liability on them, is no longer open to question, because that point has been conclusively set at rest by the validation decree hereinbefore referred to. The bonds and coupons therefore carry with them all the remedies which in law form a part of their contract obligations, and these remedies may be judicially enforced in all appropriate ways. Ralls County Court v. United States, 105 U. S. 733, 26 L. Ed. 1220; United States ex rel. Baer v. City of Key West, 23 C. C. A. 663, 78 Fed. 88. Whatever public officers are empowered to do for the benefit of private citizens holding demands against a public corporation, the law makes it their duty to perform. Whenever public interest, or individual rights, call for the performance of that duty its execution will be commanded. Supervisors of Rock Island County v. United States, 4 Wall. (U. S.) 435, 18 L. Ed. 419; City of Little Rock v. United States, 103 Fed. 418, 43 C. C. A. 261.

The rights of holders of municipal bonds to particular remedies must, however, be determined by the rules and considerations recognized and announced in judicial decisions on the subject, and by the provisions of the statutes relating to the issuance of public securities and the circumstances of their issuance and holding. Taylor v. Ypsilanti, 105 U. S. 60, 26 L. Ed. 1009; Wade v. Travis County 174 U. S. 499, 19 Sup. Ct. 715, 43 L. Ed. 1060; Gelpike v. City of Dubuque, 1 Wall. 175, 17 L. Ed. 520.

Generally, when it becomes necessary to enforce the bond-holder's rights by legal proceedings, an action at law to recover a judgment against the municipality on the bonds is a proper, and in the Federal Courts, the necessary, original action.

After the usual judgment in such action at law has been obtained, if payment or provision for payment is thereafter refused or neglected, a supplementary remedy of mandamus in the nature of execution is allowed to compel the officers to make payment out of any applicable fund on hand, or, if necessary, to make provision for payment by the levy and collection of a special tax or assessment to raise funds for that purpose, provided, of course, that legal authority shall exist on the part of the municipality for the levying and collection of such tax or assessment, and provided also that the law enjoins upon the officials sought to be coerced, the performance of a duty to provide for payment of the municipal debt. Carroll County v. United States, 18 Wall. 71, 21 L. Ed. 771; Von Hoffman v. Quincy, 4 Wall. 535, 18 L. Ed. 403.

In the Federal Courts it is held that the writ of mandamus will be awarded only for the purpose of satisfying a *judgment* first obtained in that court. The reason assigned for this is, that where the application for the writ is founded on a neglect or refusal to pay corporate bonds, the appropriate initial proceeding is at law to sue, and by judgment of the court establish, the validity of the claim and the amount due thereon, and afterwards, by the return of an ordinary execution, ascertain that no property of the corporation can be found liable to such execution sufficient to satisfy the judgment. Whereupon, for lack of an adequate remedy at law, the writ of mandamus becomes available to the judgment creditor if the municipality has lawful authority to levy and collect taxes for the payment of its outstanding debts. Heine v. Lee Commissioners, 19

Wall. 655, 22 L. Ed. 223; Riggs v. Johnson County, 6 Wall. 166, 18 L. Ed. 768; City of Santa Cruz v. Waite, 98 Fed. 387.

But in this State, it has been held that the writ of mandamus may be awarded in a proper proceeding without first obtaining a judgment at law. Columbia County v. King, 13 Fla. 451. And this rule would seem especially applicable to a case like the present one, where the validation of the bonds at the time of their issuance has rendered unnecessary the prosecution of a suit at law to establish by judgment the *validity* and amount of such bonds.

The present proceeding is not a suit at law to recover a judgment against the municipality on its bonds nor analogous thereto. On the contrary, it is a proceeding, as we have pointed out, in the nature of an execution to set in motion the performance of absolute duties by the municipal officers which, if performed, will result in the payment by the municipal corporation of an already fixed, conclusive and liquidated demand against it. A suit and judgment at law on the bonds not being necessary as a prerequisite to the issuance of a writ of mandamus to compel the performance by the municipal officers of their statutory duty to provide for the payment of the municipal debt represented by the relator's bonds, it follows that a statute of limitation applying only to suits on causes of action against the municipality, is not applicable to a proceeding like the present. This is true though we assume (but do not decide) that it would be applicable to a suit at law to reduce the bonds to judgment.*

As we have demonstrated, a suit at law on the bonds has been rendered wholly unnecessary, because by virtue of the validation proceedings already had with reference thereto,

---

*Where a statutory limitation of action is applicable, it usually runs only from the time the municipality repudiated its obligations, or provided fund for payment where there was no repudiation. See Kearney County v. Irvine, 61 C. C. A. 607, 126 Fed. 689; Geer v. School District, 49 C. C. A. 539, 111 Fed. 682.

their character as a fixed debt of the Town of Tavares has been judicially established and is no longer open to question by the respondents who have become bound thereby. The only defense which they are entitled to plead is a payment or other valid discharge of the legally contracted municipal debt represented by the bonds in question.

The right to resort to the writ of mandamus which is being invoked in this case is not a "cause of action" within the purview of the statute of limitations relied upon by the respondents, for the reasons hereinbefore pointed out, and accordingly their defense in reliance thereon must be overruled.

Other defenses are presented by the answer which we deem it unnecessary to particularly discuss. Presentation of the bonds for payment before suit was unnecessary to entitle the relator to payment (County of Pickens v. Daniel, 102 U. S. 187, 26 L. Ed. 99). Neither was a demand for the levy of a tax requisite where the duty to levy it is imposed by statute (Cherokee County Comm'rs. v. Wilson, 109 U. S. 621, 3 Sup. Ct. Rep. 352, 27 L. Ed. 1053), or where the duty to levy the tax, or make provision for payment, is otherwise plain. Columbia County v. King, 13 Fla. 451; Fisher v. City of Charleston, 17 W. Va. 595. See also Rountree v. State ex rel. Georgia Bond & Mortgage Co., 102 Fla. 246, 135 Sou. Rep. 888; State ex rel. Gillespie vs. Baskin, 102 Fla. 329, 136 Sou. Rep. 262.

The validity of relator's claim is admitted. No valid reason is shown why it should not be judicially enforced by the appropriate remedy which is available for that purpose. Therefore the relator's several motions to strike portions of the return must be granted and the return held insufficient to preclude the award of a peremptory writ which should be ordered.

Motion to strike portions of return granted, and peremptory writ awarded.

Buford, C.J. and Whitfield, Terrell and Brown, J.J., concur.

Ellis, J., not participating.