O. D. COLLIS, Appellant, v. BOARD OF PARK COMMISSIONERS of the CITY OF CLINTON et al., Appellees.

No. 47456.

(Reported in 38 N. W. 2d 635)

AUGUST 5, 1949.

Bush & Bush, of Davenport, for appellant.

Jasper W. Morgan, Stanley Mayer and Miller, Miller & Cousins, all of Clinton, for appellees.

MULRONEY, J.—The plot of ground involved here is an area marked "levee" on the plat of Clinton, Iowa. It is a rectangular

plot located along the Mississippi River side of the city. The plat referred to is the original plat of the town of Clinton filed by the original owners, the Iowa Land Company, in 1855. Over the years much of the area designated on the map as "levee" was converted into a park, but part of the area was used as a levee up until 1947. The record shows that just prior to 1947 two streets led from the residence area across the levee and down to the river; that these streets were used by boat owners in going to and from their boats and the city, and in launching boats and removing them from the river.

In 1947, the City of Clinton, through its Board of Park Commissioners, in accordance with plans earlier adopted for the improvement of Riverview Park, closed these remaining streets that led across the levee area and down to the river. Thereafter the entire area became Riverview Park with a sea wall of riprap on the river side that completely obstructed further access to the river by vehicles and, for all practical purposes, by pedestrians.

The plaintiff brought this action against the city and the park commissioners, seeking a writ of mandamus to compel the defendants to remove the obstruction in the afore-mentioned streets near the river terminus of the streets. The plaintiff alleged he was a resident and a citizen of the City of Clinton, and a property owner therein, and a taxpayer of the city and of the State of Iowa and he sought an injunction against the further expenditure of public money by the park board upon this levee area. The trial court dismissed plaintiff's petition.

I. This case was submitted during the May 1949 term of this court. We think the case is ruled by Carson v. State, 240 Iowa 1178, 38 N. W. 2d 168, submitted during the same term. That is why we have not felt it necessary to make a more extended statement of facts, and why we do not think it necessary to discuss all of the many propositions urged by plaintiff for reversal. When we read the long but excellent brief filed by plaintiff we think we go right to the heart of his case when we discuss one proposition. Here, as in the Carson case, we pass the question of the right of a member of the general public to maintain an action to restrain a public nuisance and go to the merits of the

controversy, bottomed upon the contention, as stated in plaintiff's brief, that: "Property dedicated to or for a specific public use, and so held and owned by a municipal corporation, may not be diverted to other or different uses or purposes which are foreign to or destroy the purpose of the original grant. And not even the state legislature has power to effect or authorize such a diversion thereof."

The same contention was made in the Carson case, and in our opinion, speaking through Justice Smith, we announced the following rule:

"With full realization of the fact that there are judicial pronouncements to the contrary we hold that where land, already publicly owned, is designated for some particular public use no contractual trust arises in favor of the general public that precludes subsequent diversion of it by proper legislative authority to some other and different public use; at least, where no special private rights have in the meantime arisen by purchase or improvement of adjacent property in reliance on the permanency of the public use in question." Page 1189 of 240 Iowa, page 175 of 38 N. W. 2d.

The Carson opinion goes on to hold that legislative authority for the diversion from one public use to another is found in the general statutes "permitting municipalities not only to acquire and lay out but also to vacate * * * public grounds and dispose of same whenever such lands are deemed unsuitable for the purpose for which they were originally granted." See sections 403.11 and 403.12, Code, 1946. We observed in the Carson case that the right to "vacate and dispose of" (the words of the earlier statute) are broader than the right to divert from one public use to another. So too we can say the right "to dispose of and convey" found in the present statute (section 403.11, Code of 1946) would include the lesser right to divert to another public use.

Here, as in the Carson case, the plaintiff made no allegation of private damage or that any private rights were invaded by the diversion of the entire plot from a levee to a park. The only difference in the two cases is that in the Carson case the park that was diverted to a college site was never privately

owned, while here, the levee was once the private property of the Iowa Land Company. That might make a difference if plaintiff were claiming through the Iowa Land Company and alleging private damage, but he is not. He pleaded that he was maintaining his suit "as a member of the public" and he testified: "I certainly would not have brought this suit, if I was doing it as an individual; the suit was brought for the good of the boating fraternity on the Mississippi River."

Plaintiff cites decisions from other states in support of his proposition and the following Iowa authorities: Warren v. Mayor of Lyons City, 22 Iowa 351, Ransom v. Boal, 29 Iowa 68, 4 Am. Rep. 195, and Cook v. City of Burlington, 30 Iowa 94, 6 Am. Rep. 649. These three cases were the Iowa authorities relied on in the Carson case, and distinguished in our opinion. We need not discuss the decisions of other states for, as we said in the Carson case, we recognize that there are decisions to the contrary in other jurisdictions but we do not care to follow them.

■ ■ Plaintiff's case as a taxpayer, for an injunction against expenditures of public funds alleged to be illegal because they were made for the purpose of making a park out of the levee, falls with the collapse of his case for a writ of mandamus. While plaintiff would not be required to plead and prove a private damage for this part of his case, he should have proven his status as a taxpayer. The record is none too clear on the latter point but in any event the view we take, that the city could lawfully divert from a levee to a park, means that expenditures to accomplish that diversion are not unlawful.

■ Further consideration would merely be a restatement of the considerations that prompted our conclusion in the Carson case. With no showing of fraud, arbitrary action or abuse of power, the city's action in diverting from levee to park will not be reviewed. In justice to plaintiff we again point out that the Carson opinion had not been written at the time of the submission of his case and some of the statements in our earlier decisions, not necessary for the conclusions there reached, would support the basic proposition of his suit. The decree of the trial court is affirmed.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.